413 A.2d 422

**Susan J. BRAKE, Appellant,**

v.

**Charles W. BRAKE.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Oct. 26, 1979.

David S. Pollock, Pittsburgh, for appellant.

June S. Schulberg, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred by reducing the appellee's support obligation for his 20-year-old daughter. We agree and, accordingly, vacate the order of the court below and reinstate the earlier order of support.

The daughter, Susan Brake, instituted this support action against her mother and father after she turned 18 and was admitted to college. Although her room and board and tuition were paid by vocational rehabilitation grants as a result of Susan's slight affliction with cerebral palsy, she sought additional money for incidental expenses such as books, paper, and laundry. On July 1, 1976, the lower court entered a support order against the father for $150 per month for "educational expenses."[1] At a second hearing, on July 28, 1977, before a different judge, the court reduced the frequency of the payments to the nine months yearly when Susan would be at college. The father petitioned once again to have the obligation reduced. At a third hearing, before

1. Susan's mother was dismissed from the case.

yet another judge, the order was reduced to $40 per month.[2] Appellant appeals from this last decision.

It is well established that a support order may be entered against a parent for a child's college education, even in the absence of an agreement to support the child past the age of 18, as long as the order will not result in "undue hardship" to the parent. *Commonwealth v. Williams*, 242 Pa.Super. 550, 364 A.2d 410 (1976); *Commonwealth v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963). While support orders may be modified, alterations will be made only upon "a good faith showing that circumstances existing when the original order was made have materially and substantially changed." *Bell v. Bell*, 228 Pa.Super. 280, 282, 323 A.2d 267, 268 (1974). Moreover, "[i]n proceedings of this nature, we will not interfere with the determinations of the court below unless there has been a clear abuse of discretion. *Id.; Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977). "[A]lthough the reduction of a support order is largely within the discretion of the lower court, it must be based upon facts appearing in the record which shows [sic] such a permanent change in appellee's circumstances as to require a modification of the existing order." *Bell v. Bell, supra*, 228 Pa.Super. at 283, 323 A.2d at 269.

The judge in the original support proceeding in this case determined that liability for support existed and that the order entered therein would not cause undue hardship to the father. Thus, the unappealed-from order must stand at this juncture unless the father has made a sufficient showing of changed circumstances. The father's only allegation

2. We have frequently noted our disapproval of the practice of granting a hearing regarding modification of a support order before a judge other than the one who heard the case in the first instance. *Commonwealth ex rel. Schulberg v. Hirsch*, 236 Pa.Super. 179, 344 A.2d 530 (1975); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974). Where, as here, the original judge is unavailable, however, a new judge must hold the hearing on modification. The judge at the third hearing had available to him the transcripts of the earlier hearings, however, and should have availed himself of them before rendering this decision.

of changed circumstances at the hearing and in his brief on this appeal is that his daughter worked during the summer of 1977 for one month and therefore has demonstrated the ability to work to earn her incidental college expenses. Mindful of the narrow scope of our review in such cases, we nevertheless find on the record no material and permanent change in circumstances justifying the court's reduction of the support order. We therefore vacate the order reducing support and reinstate the order of $150 per month for the school year.

Order vacated and previous order of $150 per month for nine months a year is reinstated.