420 A.2d 530

Nancy LASCHEID

v.

J. Charles HOOVER, D. D. S., Appellant.

Nancy Hoover LASCHEID and Leslie Hoover

v.

J. Charles HOOVER.

Appeal of Nancy Hoover LASCHEID and Leslie Hoover.

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed May 16, 1980.

---

* Although appellant claims that it would have been helpful.

262

James V. Voss, Pittsburgh, for J. Charles Hoover.

George H. Hoffman, Pittsburgh, for Nancy Hoover Lascheid and Leslie Hoover.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

PER CURIAM:

Appellant, J. Charles Hoover, contends that the lower court erred in ordering him to pay support for his adult child's college education. For the reasons which follow, we

vacate and remand for modification of the support order following a new hearing.[1]

Appellant and appellee, Nancy Hoover Lascheid, were divorced in 1972. In 1973, the lower court ordered appellant to pay $400.00 per month for the support of the parties' two minor daughters, Suann and Leslie. In 1977, appellant petitioned the court for reduction of his support obligation with respect to Leslie, on the ground that Leslie would become 18 years old on July 21, 1977. Leslie subsequently petitioned to intervene, averring that she was still in need of support because of the expenses she would incur while attending college beginning in the fall of 1977. After a hearing, the lower court ordered appellant to pay $300.00 per month "as educational assistance" for Leslie and to continue paying $200.00 per month as support for Suann. From that order appellant now appeals.[2]

The lower court found that Leslie's total yearly expenses while in college would total $8,800.00. It further found that appellee received $600.00 per month from her current husband for use in managing the household. In addition, the lower court determined that appellee had at her disposal $500.00 per month which she received from her father. Testimony at trial revealed that appellee owned two cars in her own name and held three parcels of improved real estate jointly with her husband. Further testimony indicated that appellee's current husband earns between $100,000.00 and $150,000.00 annually. The lower court found that appellant's adjusted gross income was $32,042.00 in 1975 and $47,325.00 in 1976. Appellant testified that he also owns a mortgaged home, a one–half interest in the building in which his office is located, an unimproved parcel of real estate, and a mobile home. The lower court found that his

1. Although appellee also filed a notice of appeal from the lower court's order, she has failed to file briefs with this Court. Accordingly, we dismiss the appeal of Nancy Hoover Lascheid and Leslie Hoover.

2. Appellant does not contest that portion of the order continuing his obligation to support Suann.

net monthly income was $3,354.00 while his monthly expenses totaled $3,390.00.[3]

■ This Court has frequently stated "that in the absence of an agreement to educate, a father has no duty to aid in providing a college education for his child no matter how deserving, willing and able that child may be unless he has sufficient estate, earning capacity, or income to enable him to do so without undue hardship." *Hutchinson v. Hutchinson*, 263 Pa.Super. 299, 301, 397 A.2d 1218, 1219 (1979) (citations omitted). *See also Brake v. Brake*, 271 Pa.Super. 314, 413 A.2d 422 (1979). Once the obligation to support an adult child has been established, however, this Court will consider various factors in reviewing the amount of the support order. Among the relevant factors are the earning capacity of the nonpaying parent, whether the nonpaying parent is being supported by a new spouse, and the earning capacity of the child. *See Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963).

■ We cannot conclude from our review of the record that appellant would suffer undue hardship if he were required to provide some assistance for his daughter's college education. The facts currently of record with respect to appellee's financial resources and appellant's income and expenses do, however, raise serious questions regarding the propriety of *increasing* appellant's obligation of support for his adult child. Because the facts of record reflect the posture of the parties in 1977, we will remand for modification of the order of support following a full hearing on the present financial status of the parties, including the earning capacity of the adult daughter.

Order vacated and case remanded for proceedings in accordance with this opinion at No. 368 April Term, 1978; appeal dismissed at No. 371 April Term, 1978.

3. Appellant's expense figure included his $400.00 monthly support payment for Suann and Leslie.