435 A.2d 199

**Francis LEDERER,**

v.

**Mary LEDERER, Appellant.**

Superior Court of Pennsylvania.

Argued May 4, 1981.
Filed Sept. 25, 1981.

Joseph J. Carlin, Philadelphia, for appellant.

Mary Jo Carr, Philadelphia, for appellee.

Before CERCONE, President Judge, and SPAETH and CAVANAUGH, JJ.

CERCONE, President Judge:

This appeal was taken by appellant, Mary Lederer, from the order of the court below in which the court relieved appellee, Francis Lederer, of the obligation to support the parties' eighteen-year-old daughter, Claire, who is presently enrolled in college. Instead, the court directed that the father should contribute to Claire's tuition. Because we find that the lower court did not correctly apply the relevant principle of law, we vacate the court's order and remand for further hearings.

Appellant and appellee, now divorced, are the parents of three children—Francis M., 27, Geralyn, 23, and Claire, 18.

(The father has since remarried and has two other children, ages eight and six.) All three of the parties' children reside with the mother. Although in the past the father paid support towards the upkeep of Francis and Geralyn, the support order was at previous times modified to direct the father to pay sixty dollars a week for the support of Claire. On June 27, 1980, Claire turned eighteen and the father petitioned the court to ask that Claire be removed from the order of support. A hearing was held on this matter and at this hearing the father expressed his willingness to pay money towards Claire's tuition. The father testified that he had an income of $32,500.00—$21,500.00 from salary and $11,000.00 from a pension.

The mother also took the stand at this hearing and testified that Claire has arranged most of the financing for her tuition through grants and loans, with the exception of two hundred dollars, which the mother paid towards the first semester. In other testimony, the mother indicated that the parties' oldest child, Francis, has a health problem and works only sporadically. The second child, Geralyn, earns about $175.00 per week in salary, of which she pays $15.00 per week to her mother for room and board. The court made no comment regarding Francis but several times the court expressed the view that Geralyn was paying far too little for board. The mother testified that she herself has a gross income of $18,500.00.

Based upon this evidence, the court ordered that the father's obligation to make payments towards Claire's support be terminated but the court directed the father to pay $600.00 per year towards Claire's tuition, this amount to rise "with costs as they rise." In its opinion, the court said that Claire's personal maintenance is her own responsibility.

██ It is settled law in Pennsylvania that in absence of an agreement to educate "a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself." *Emrick v.*

*Emrick*, 445 Pa. 428, 430–431, 284 A.2d 682 (1971); *Hutchison v. Hutchison*, 263 Pa.Super. 299, 300, 397 A.2d 1218, 1219 (1979). However, a support order may be entered against a parent for a child's college education, even in the absence of an agreement to support the child past the age of eighteen, as long as this obligation would not result in undue hardship to the parent. *Brake v. Brake*, 271 Pa.Super. 314, 413 A.2d 422 (1979).

On this point, the seminal case in Pennsylvania is *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963). In *Sommerville*, after deciding that an order for support may be entered for a child attending college, even absent an agreement by the parent to do so, this Court set forth a few of the considerations which should be weighed in such cases. One factor is whether the child is able and willing to successfully pursue his course of studies. A second consideration is the adequacy of the income of the child. A third, as previously noted, is whether the parent has sufficient estate, earning capacity or income to enable that parent to pay support without undue hardship. On this point, we emphasized that the duty of a parent to provide a college education for a child is not as exacting a requirement as the duty to provide food, clothing, and shelter where the child is of tender years and unable to support himself. When it comes to feeding and protecting his offspring, a parent should, beyond the barest necessities, spare no personal sacrifice. However, even though this same exacting requirement should not be demanded in deciding if a parent should provide a college education for a child, we emphasized that this does not mean that a parent should be required to support a child in college only where that parent's income or estate is such that he could do so without making any personal sacrifices. Some sacrifice may be required however there is no precise standard and therefore this question must be resolved according to the facts of each case.

In the instant case, the court made no findings regarding whether it would be an undue hardship for the

father to support his daughter while she attends college. The court in one statement said that Claire must see to her own maintenance, yet in another statement said that the mother's income was substantial enough to warrant a sharing of the costs of Claire's maintenance between the parties. The fact is, however, that while the cost of Claire's tuition was explored during the hearing, the cost of this child's maintenance was not. The father's apparent willingness to pay the balance of his daughter's tuition which is not covered by grants or loans is laudable but it does not take into account the other necessities involved in attending college and in daily life. Therefore, this case must be remanded for a further hearing. The court should consider all of the costs for Claire's support, including tuition, in the present situation in the light of her father's and mother's income.

Reversed and remanded for a new hearing. This court does not retain jurisdiction.