481 A.2d 1358

**COMMONWEALTH of Pennsylvania ex rel. Polly M. STUMP**

v.

**Richard CHURCH.**

**Appeal of Polly M. STUMP.**

Superior Court of Pennsylvania.

Argued May 2, 1984.

Filed Sept. 21, 1984.

Bernard Mendelsohn, Reading, for appellant.

Jeraldine D. Kozloff, Wyomissing, for appellee.

Before SPAETH, President Judge, and BROSKY and BECK, JJ.

BROSKY, Judge:

The issue presented to us in this appeal is whether the father of an eighteen year old high school graduate has a duty to provide his son with support so as to enable him to attend a private preparatory school on a post-graduate basis.

The parties were married in November, 1962. Two children were born of the marriage: Peter James in October, 1963 and Robert Frederick in June, 1965. Mrs. Stump and Mr. Church were separated in 1970 and entered into an agreement which provided that appellee Mr. Church would pay $120.00 per week for the support of his sons.

The agreement was made part of an order of court and remained in effect until 1975 when it was modified to require appellee to pay only $60 per week because he was having financial difficulties.

In 1977 Mr. Church apparently began to again pay $120 per week although he was not directed to do so by an order of court until 1980.

In October, 1981 appellee sought a reduction in the support order to $60 per week because he alleged, Peter had reached the age of eighteen, had graduated from high school and was no longer entitled to support.

Mrs. Stump answered Mr. Church's petition by claiming that Peter was a full-time student, pursuing post-graduate studies at a preparatory school in Maine. Mrs. Stump filed a cross-petition seeking an increase in support on the grounds that her children's expenses and former husband's income had both increased.

A hearing officer recommended that support be continued for Peter and that the amount be increased to $75 per child per week. Mr. Church filed exceptions to the hearing officer's recommendations and following hearing the lower court sustained the exceptions, directing that the support order be terminated as to Peter. This appeal followed.

■ It is well-established that the trial court has wide discretion in awarding support payments and its decision

will not be disturbed unless it has abused that discretion. *Commonwealth ex rel. Berry v. Berry*, 253 Pa.Super. 268, 384 A.2d 1337 (1978).

■ As we explained in *Boni v. Boni*, 302 Pa.Super. 102, 108, 448 A.2d 547, 550 (1982):

"Our scope of review is limited to a determination as to whether the order of support can be sustained on any valid ground. *Commonwealth ex rel. Marvin v. Marvin*, 193 Pa.Super. 179, 164 A.2d 128 (1960). We must determine whether there was sufficient evidence to sustain the lower court or contrariwise whether the lower court was guilty of an abuse of discretion. A finding of abuse of discretion is not lightly made; but only upon a showing of clear and convincing evidence. *Commonwealth ex rel. McQuiddy v. McQuiddy*, 238 Pa.Super. 390, 358 A.2d 102 (1976); *Commonwealth ex rel. Caplan v. Caplan*, 236 Pa.Super. 605, 346 A.2d 822 (1975); *Commonwealth ex rel. Halderman v. Halderman*, 230 Pa.Super. 125, 326 A.2d 908 (1974)." *Straub [v. Tyahla] supra*, [274 Pa.Super. 411, 414] 418 A.2d [472] at 474 [1980].

"In reviewing the lower court's action to determine whether an abuse of discretion has occurred, we recognize that '[a]n abuse of discretion is [not] merely an error of judgment, but if in reaching a conclusion the law is overriden [sic] or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' *Commonwealth ex rel. Levy v. Levy*, 240 Pa.Super. 168, 174, 361 A.2d 781, 785 (1976)." *Straub, supra.*

In *Lederer v. Lederer*, 291 Pa.Super. 22, 24–25, 435 A.2d 199, 200–201 (1981) this court wrote:

It is settled law in Pennsylvania that in absence of an agreement to educate "a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself."

*Emrick v. Emrick,* 445 Pa. 428, 430–431, 284 A.2d 682, 682–683 (1971); *Hutchison v. Hutchison,* 263 Pa.Super. 299, 300, 397 A.2d 1218, 1219 (1979). However, a support order may be entered against a parent for a child's college education, even in the absence of an agreement to support the child past the age of eighteen, as long as this obligation would not result in undue hardship to the parent. *Brake v. Brake,* 271 Pa.Super. 314, 413 A.2d 422 (1979).

The lower court concluded that Mr. Church had not agreed to send Peter to college, but had instead expressed a desire that his sons receive a college education and assuring them funding from various sources. We will not disturb this factual finding of the trial court most especially in this case in which regardless of any promise as to a college education, there was clearly no agreement by Mr. Church to support his son's attendance at the Hyde School following his high school graduation.

We must then determine whether Peter was entitled to support absent an agreement.

In the seminal case, *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963) we considered whether the child would successfully complete his studies, the adequacy of the child's income and whether the parent had sufficient estate, earning capacity or income to enable him to pay support without undue hardship.

The lower court in the present case concluded that while it did not fault Peter's choice to attend the Hyde School and believed that Mr. Church could provide support without incurring undue hardship, that nevertheless a support order would not be proper in view of the type of school Peter was attending and the preparation it provided him for the future.

Peter had attended a preparatory school in Connecticut and was due to graduate in the spring of 1981. Unfortunately he failed a course in pre-calculus and was not permitted to graduate with the rest of his class. Peter took a

course in pre-calculus at a school near his home during the summer of 1981 and received his diploma in July of that year.

During his last year at the Salisbury School in Connecticut Peter applied to one college seeking admission for the fall, 1981. He was not accepted. There was testimony to the effect that while Peter's SAT scores were more than adequate he was experiencing academic difficulties at Salisbury and certain of his teachers, and his football coach, suggested that he would benefit from another year of college preparatory education.

When Peter failed to gain admission to the college of his choice he and his mother decided that he should indeed spend another year at the preparatory level. He therefore attended a summer session at the Hyde School in Maine and entered the school in the fall on a post-graduate basis.

While he was a post-graduate student, it seems that all but one of the courses taken by Peter was on the preparatory, not college level.

Mr. Church argues that he was not consulted about the decision to enroll Peter at the Hyde School and that he disagrees with that decision. He believes that if Peter was unable to attend college in the fall of 1981 that he should have sought employment. Mr. Church testified that had Peter been amenable he could have secured him employment at the corporation at which he is employed, although Peter's testimony was to the effect that his father did not follow through on the employment offer.

In any event Mr. Church argues that he should not be forced to support Peter in the educational endeavor with which he disagrees.

While we understand Mr. Church's position and the lower court's agreement with it, nonetheless we must conclude that the court erred in denying support payments to Peter.

While the Hyde School is not a college and is therefore in a different category of institution than the schools discussed in the afore cited cases, we believe that the

principle enunciated in them applies to this case. That is, in *Commonwealth ex rel. Ulmer v. Sommerville, supra,* and the cases following it, our courts have recognized that children, even those over the age of eighteen years are entitled to financial support from their parents so that they may pursue education and prepare themselves for adulthood.

Unfortunately Peter was not ready academically to proceed to college immediately following his high school graduation. Nonetheless, he was entitled to aid from his father in order to prepare himself for higher education.

Nor does our Supreme Court's recent decision in *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984) lead us to a different result.

In that case the Court established guidelines to be used in the calculation of child support and said that parents are legally obligated to provide only for the reasonable expenses of their children. In fact the Court cautioned that "Neither parent should be permitted to increase the parties' support obligations by unilaterally indulging the children in things which are not reasonably necessary for their well-being." (505 Pa. at 471, 480 A.2d at 995).

The Court then explained that the hearing court must begin its inquiry by determining the reasonable expenses of the children involved.

Reasonable expenses are not limited to the bare necessities of life, but extend to articles that are reasonably necessary for the proper and suitable maintenance of the child in view of his social station in life . . . and the fortune possessed by him and his parents. (505 Pa. at 471–472, 480 A.2d at 995). Among the "necessities" for which a child is entitled to support is a proper education.

We have determined that the costs involved in Peter's attending the Hyde School were reasonable under the circumstances of this case and therefore have concluded that despite Mr. Church's opposition to the expenditure, he must contribute to it.

Mr. Church contends that Peter is not entitled to support for the 1981–82 school year because his scholarship and other financial resources more than covered his expenses. The record, however, does not disclose that Peter earned the sum of money shown by Mr. Church to be his estimated earnings and without that income it seems that Peter was not able to meet his expenses.

An appropriate order is therefore to be entered by the lower court keeping in mind Peter's expenses, his own income and scholarship as well as the father's financial status and ability to pay. See *Melzer v. Witsberger, supra* as to the calculation of the amount of support.

Order reversed and case remanded for further proceedings consistent with this opinion.

JURISDICTION IS RELINQUISHED.