## Hirleman v. Kerkering

*Lee Rockafellow,* for plaintiff.
*C. Clark Hodgson,* for defendant.

KELTON, *J.,* May 3, 1985 — At issue in this appeal to the Superior Court is the extent to which the common pleas court has discretion under Pa.R.C.P. 213(b) to determine on its own motion that assumpsit proceedings involving an action by a former wife against a former husband to enforce a written property-settlement agreement should be bifurcated from the husband's claim that plaintiff should contribute to the childrens' college education.

Plaintiff filed an assumpsit action to enforce a written property-settlement agreement entered into in 1979 between plaintiff and her former husband, defendant. Plaintiff attached the settlement agreement to her complaint and averred therein that there remained due to her the sum of $13,300 as final compensation to her for her interest in jointly-owned real estate. Defendant's answer denied that $13,300 was due, but then averred that:

"The balance due and owing in connection with the obligation is the sum of $12,700, as to which defendant has an off-set and counterclaim."

Defendant then filed a counterclaim seeking to set-off against his liability to plaintiff his claim that she should contribute to the childrens' college expenses.

All of the children are now over 18.

Defendant's pleading admitted that he executed the 1979 property-settlement agreement. That document provided, in part, that:

"6. Husband hereby agrees that he should not require the wife to contribute any monies to child support and he agrees to be solely responsible for their support."

We entered partial judgment on the pleadings in favor of plaintiff for $12,700, the amount admitted to be due to her for her share of the joint real estate. We also entered the following bifurcation order:

"And now, February 16, 1985, pursuant to Pa.R.C.P. 213(b), the court on its own motion, in furtherance of convenience and to permit the interests of the parties' children to be adequately protected, does hereby order that all issues raised by defendant's new matter and counterclaim and plaintiff's reply thereto related to plaintiff's duty, if any, to support the children in college, shall be tried in a separate action for their support. Said action may be brought either by the children or, on their behalf, by defendant, shall be commenced in the domestic relations section of the Court of Common Pleas of Bucks County and shall be in accordance with the applicable rules of Pa.R.C.P. 1910.1 to 1910.13, inclusive."

Defendant has appealed to the Superior Court arguing that our order has the effect of permitting the childrens' college support rights to be bargained away, all allegedly contrary to Brown v. Hall, 495 Pa. 635 435 A.2d 859 (1981), Millstein v. Millstein, 311 Pa. Super. 495, 457 A.2d 1291 (1983), and

Lederer v. Lederer, 291 Pa. Super. 22, 435 A.2d 199 (1981). See also Madnick v. Madnick, 339 Pa. Super. 130, 488 A.2d 344 (1985).

We do not agree that our order has the effect alleged by defendant. To the contrary, we recognize in that order that under Lederer, Commonwealth ex rel. Ulmer v. Sommerville, 200 Pa. Super. 640, 190 A.2d 182 (1963), and related cases, there clearly are situations in which a father, a mother, or perhaps both, may be liable to contribute to the childrens' education. Whether or not this is one of those cases is not known at this time, but if it is, then it clearly also falls within the "scope" of Pa.R.C.P. 1910.1(a) as a civil action or proceeding brought in the court of common pleas "to enforce a duty of support."

We also believe that Pa.R.C.P. 213(b) gives us the discretion to bifurcate the claim for the balance due on the real estate equity from the claim for college support. The rule states in relevant part:

"The court in furtherance of convenience or to avoid prejudice *may* on its own motion . . . order a separate trial of any cause of action, claim, or counterclaim set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues."

Under this rule, separate trials may be directed in "futherance of convenience." This includes both the convenience of the court in disposition of its business and of the parties litigant. Also, a separate trial may be directed "to avoid prejudice." The prejudice to be avoided is the prejudice to which a party may be exposed if a joint or common trial is had. Goodrich-Amram, 2d, §213(b);5. In our judgment, the detailed family court procedural rules relating to support actions found at Pa.R.C.P. 1910.1 through 1910.31 are more readily adaptable to adjudicating

plaintiff's obligation, if any, to pay the children's college support expenses.

In our family court, the procedures, forms and pleadings are simplified, experienced conference and enforcement officers are available to assist the parties, the procedures are expedited and the parties will not be subject to time-consuming and expensive procedures for discovery. Standard asset disclosure forms and income and expense forms are available, discovery is subject to control of the court and computerized records are available for collection accounting. In addition, the interests of the children may be directly protected by the hearing and enforcement and contempt procedures are available under Pa.R.C.P. 1910.1 to 1910.31.

It is rather ironic to note that if defendant's counsel had not filed his appeal to the Superior Court, his support case might well have been over by now. We suggest that while his appeal may benefit *him* by permitting him to attempt to delay the day of reckoning when he will be required to pay his former wife the $12,700 (or $13,300) which he owes her for the house she has deeded over to him, it does not benefit the *children* at all. If the father or any of the children is seriously concerned about securing funds for the childrens' higher education, the doors are open in our support court right now.

Pa.R.C.P. 126 requires us to construe the procedural rules "to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Trying defendant's claim as an assumpsit claim exposes the wife to expensive and lengthy discovery proceedings, deprives the parties of the use of expert conference officers, overcomplicates the proceedings and delays the ultimate determination of the case on the merits.

We entered our bifurcation order for the foregoing reasons.