## Kopp v. Turley

*Gail M. Whitaker,* for plaintiff.
*Harry R. Mayer,* for defendant.

WRIGHT, *J.* March 7, 1986 — In this matter, the father, who was obligated to pay a court order of support in the amount of $40 per week, filed a petition to vacate said order since his son is now 18 years of age and emancipated. At the hearing, the petition was amended to include the averment that the father never agreed to provide an education beyond high school. We denied the petition to vacate the order. The father appealed our decision, hence this opinion is being filed of record.

At the hearing, we concluded that the son had graduated from high school and had the ability and desire to attend a commercial art school. The son had in fact been accepted by The Hussian School of Art and had received a loan guaranteed by the Pennsylvania Higher Education Assistance Agency. The annual cost of tuition for the school is $4,165. The First Pennsylvania Bank paid half of the first semester and the mother paid the balance from her own funds. In addition, art supplies for the year cost $800. The mother has a net weekly income of $255. and her husband earns $300 net per week.

The school psychologist tested Robert Turley Jr. in August 1981 and determined that he was a learning-disabled youngster with a deficit in language skills and with average-to-above average nonverbal skills. The school psychologist tested Robert in the commercial art field which test showed "a consistent strength in visual motor skills." The school psychologist testified, and we find as a fact, that Robert has the ability to complete the commercial art courses at Hussian and, further, it appears to us that upon completion of the course he will be qualified to become gainfully employed in his field of endeavor. The father has an average net weekly pay of $367. We found from his expense sheet and testimony it would not be a hardship for him to continue the support order while his son attends art school. (The expense sheet and his testimony show weekly expenses of $251 which include the $40 order and thus leaves him approximately $116.00 a week over and above his expenses.)

The issue thus presented is what is the legal obligation of a parent for support beyond high school.

In cases where no undue hardship would be occasioned, a parent is obligated to support a child through college assuming the child has the aptitude and desire to participate. *Lederer v. Lederer*, 291 Pa. Super. 22, 435 A.2d 199 (1981).

We find that the Hussian School of Art is an approved institution of post-secondary education in this commonwealth.

Although no appellate decision has directly ruled upon the issue, we without hesitation, have concluded that principle cited in *Commonwealth ex rel Stump v. Church*, 333 Pa. Super. 166, 481 A.2d 1358 (1984) as to a private prep school applies to this case. The appellate courts, ". . . have recognized that children, even those over the age of 18

years are entitled to financial support from their parents so that they may pursue education and prepare themselves for adulthood." Supra, 481 A.2d at 1361.

In addition, we note that the duty of support continues where the child is physically or mentally feeble or otherwise unemployable. *Commonwealth ex rel Welsh v. Welsh,* 222 Pa. Super. 585, 296 A.2d 891 (1972).

In the matter before the court notwithstanding the learning disability the child has the aptitude to complete the commercial art courses. This same learning disability makes this young man unemployable except for menial tasks.

We agree, as contended by the father, that most of our appellate court cases have said entrance into schools that issue degrees qualify a child to be entitled to support after graduation from high school. Those cases were decided at a time when the "in thing" was a college education. Having a college degree not only aided in getting employment but it was also a status symbol.

We are now approaching the 21st century and are in an era in which knowledge of technology, electronics, etc. is as important, if not more important, than having a college degree. Obtaining a certificate from an electronics school or other approved school of technology will serve a young person just as well today as a degree would 25 or 50 years ago.

The purpose of requiring a parent to support a child through graduate school was for the purpose of preparing the child for gainful employment. In this case, we have a child who does not have the talent to complete college. On the other hand, he does have a talent in the field of commercial arts. To deny this young man an opportunity to attend the school certainly would be discriminating against him.

We feel that the child has met his burden of proof and that the duty of support continues.

Courts should always attempt to do justice. Justice requires this court to order the father to continue to support the child during his enrollment at the Hussian School, providing the child maintains passing grades.

In his statement of matters complained of, appellant also objected to the evidentiary rulings made at trial. These rulings concern the admissibility of evidence with respect to the learning disability of the child. The mother and school psychologist are both competent witnesses to testify to these facts. The school psychologist is certified by the Department of Education. He was properly qualified as an expert.

For these reasons, we denied the petition to vacate the support order.