508 A.2d 1205

**Gail FORTUNE/FORSYTHE**

v.

**Herman FORTUNE, Appellant.**

**Gail FORSYTHE, Appellant,**

v.

**Herman FORTUNE.**

Superior Court of Pennsylvania.

Argued Dec. 18, 1985.

Filed April 28, 1986.

548

Judy F. Berkman, Philadelphia, for appellant (at 848) and appellee (at 318).

Harry Frank, Philadelphia, for appellant (at 318) and appellee (at 848).

Before BROSKY, McEWEN and HESTER, JJ.

HESTER, Judge:

These are consolidated appeals concerning child support. The first was filed by Herman Fortune from an order denying his petition and amended petition for reconsideration. The other was filed by Gail Forsythe (formerly Fortune) from an order suspending support. Educational expenses for the parties' son, Jonathan, are at issue.

Fortune and Forsythe executed a marital settlement agreement on January 23, 1976, to settle child custody, support, alimony, distribution of marital property and other matters germane to the dissolution of their marriage. Forsythe was awarded full custody of the parties' minor children, Jonathan and Vivian, subject to Fortune's partial custody rights. It was further agreed that Fortune would pay $50.00 per week for the support of Jonathan and $35.00 per week for Vivian. The parties were divorced in 1976.

In March, 1980, Fortune was ordered to pay $130.00 per week for the support of both children. By order dated May

26, 1982, support was reduced to $60.00 per week for Vivian and suspended for Jonathan. Jonathan was a freshman at the University of Tennessee during the 1981–1982 academic year, and it was held that Fortune was not obligated to contribute to educational expenses. The May, 1982 order was retroactive to May, 1981; therefore, Fortune was awarded a credit for support paid from May, 1981 to May, 1982. The May 26, 1982 order was not appealed.

Pursuant to Forsythe's petition to modify support, an order of October 19, 1983, continued support of $60.00 per week for Vivian and reinstated support for Jonathan in the same amount. As this order was retroactive to May, 1981, it in effect overruled the May, 1982 order.

Thereafter, Fortune filed a petition and amended petition for reconsideration. Following a hearing, both petitions were dismissed by order dated February 14, 1984. Fortune filed an appeal from that order which is the first of the appeals consolidated herein.

In October, 1984, while the first of these appeals was pending, Fortune filed a petition to vacate support for Jonathan. By order dated January 4, 1985, support for Jonathan was suspended and support of $60.00 per week was continued for Vivian. Forsythe's appeal from the January, 1985 order is the second of these consolidated appeals.

We are confronted with both procedural and substantive issues. We must first determine whether the order denying Fortune's petitions for reconsideration is appealable.

In *Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 378 A.2d 893 (1977), the plaintiff bank was awarded a summary judgment. When the defendant's petition for reconsideration of the summary judgment was denied, he appealed. The appeal was quashed as it was not filed within thirty days of the summary judgment. It was of no consequence that the appeal was timely filed from the order dismissing the petition for reconsideration; an order dismissing a petition for reconsideration is nonappealable.

The *Provident* court reasoned that the petition for reconsideration did not toll the thirty-day appeal period which commenced at the entry of the summary judgment. Had a stay or an order granting reconsideration been entered, an appeal could have been timely filed more than thirty days from entry of the summary judgment.

■ Here, Fortune filed a petition and amended petition for reconsideration of the order of October 19, 1983, but he did not appeal from that order. Both petitions were dismissed on February 14, 1984, and appellant appealed on March 15, 1984. The trial court dismissed the petitions because it acknowledged that it had no authority to reconsider the October, 1983 order once thirty days had elapsed. As noted in *Provident,* Pa.R.A.P. 1701(b)(3)(ii) authorizes the trial court to grant reconsideration only within the appeal period. Therefore, a party is expected to file his notice of appeal and petition for reconsideration simultaneously. If the petition is granted, the appeal becomes inoperative. If the petition is denied, the appeal continues.

■ By failing to appeal from the October, 1983 order, Fortune cannot challenge it through an appeal from the order dismissing his petitions for reconsideration. The trial court's refusal to reconsider the support order is not final and reviewable. *Provident, supra; Merrick Estate,* 432 Pa. 450, 247 A.2d 786 (1968).

Under these circumstances, it appears we are without jurisdiction to review either the support order or the order dismissing Fortune's petitions for reconsideration. Upon close examination of Fortune's amended petition for reconsideration, however, we hold that it was actually a petition for modification of support which resulted in a final and reviewable order.

■ A petition for modification of support is authorized by Pa.R.C.P. 1910.19, and follows the procedure set forth for petitions for support in Pa.R.C.P. 1910.11 and 1910.12. Accordingly, orders modifying support are final and appealable. Although the trial court's order of February 14, 1984,

dismissed Fortune's petitions for reconsideration, it was entered following a hearing which produced testimony on a change in Fortune's financial condition. Fortune averred in his amended petition for reconsideration and also testified that he became obligated following the October, 1983 order to support a child from his second marriage. For these reasons, we look beyond the title of Fortune's amended petition and consider its contents in order to characterize it. *See Abramson v. Commonwealth, Public Utility Commission,* 489 Pa. 267, 414 A.2d 60 (1980). Fortune actually presented a petition for modification, and his appeal was taken from the order of February 14, 1984, which denied modification. Accordingly, the order is reviewable and Fortune's appeal is timely. We shall hereafter refer to Fortune's petition and amended petition for reconsideration, collectively, as a petition for modification.

A reviewing court does not have the authority to reverse a support order if there was sufficient evidence to sustain the trial court. The trial court has the unique advantage of observing the parties and hearing their testimony. As a result, there must be an abuse of discretion in order to reverse. *Commonwealth ex rel. Grallnick v. Grallnick,* 279 Pa.Super. 347, 421 A.2d 232 (1980).

The following facts were pertinent when Fortune filed his petition for modification in 1983. Forsythe was a full-time public school teacher who also worked part-time as a college instructor and as a department store clerk. She was residing in Tennessee with Jonathan and Vivian. Her gross yearly salary from her public school teaching was $15,-000.00. She earned an additional $1,800.00 yearly from college teaching and $3,000.00 yearly from clerking.

Jonathan was a junior at the University of Tennessee. His yearly expenses for room, board, tuition and miscellaneous items were $6,000.00. A bank loan of $2,400.00, contribution by Forsythe of $1,300.00 and Jonathan's summer income of $2,000.00 defrayed most of these expenses.

Fortune resided in Philadelphia where he was a full-time professor at the University of Pennsylvania. He earned

$49,000.00 annually as a professor, and produced net monthly income of $280.00 as a consultant.

In the absence of an agreement, a parent has no duty to contribute to the college expenses of a child unless the parent has sufficient assets and income to make payments without undue hardship. *Lederer v. Lederer,* 291 Pa.Super. 22, 435 A.2d 199 (1981); *Brake v. Brake,* 271 Pa.Super. 314, 413 A.2d 422 (1979). Several factors must be considered in deciding whether support is appropriate for a child in college: 1) the ability and willingness of the child to pursue undergraduate studies; 2) the child's income; and 3) the assets, earning capacity and income of the parent. *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963). Supporting a child in college without undue hardship may nevertheless entail sacrifice. *Lederer v. Lederer, supra.*

The 1976 marital settlement agreement obligated Fortune to provide for the college education of Jonathan, provided that Fortune selected the college. Jonathan matriculated at the University of Tennessee against his father's wishes. Fortune wanted him to attend the University of Pennsylvania where his tuition would be free. Since Fortune did not select Jonathan's undergraduate school, the condition to his obligation to support was not met. Therefore, we hold that there was no agreement to provide support, and the modification order must be reviewed under the undue hardship test.

Fortune argues that the order of October 19, 1983, was improper insofar as it reimposed his support obligation retroactive to May 19, 1981. We reject this argument on procedural grounds. Fortune's appeal is from the order of February 14, 1984, which denied his petition for modification; only issues concerning modification are before us. The propriety of the October, 1983 order is not at issue because Fortune did not appeal from that order, and the order of February 14, 1984, to the extent it refused to reconsider the October, 1983 order, is not appealable.

■ Next, Fortune argues that the trial court erred in denying his petition for modification because it failed to consider a material and substantial change of circumstances. In *Commonwealth ex rel. Stone v. Stone*, 293 Pa.Super. 427, 430, 439 A.2d 185, 187 (1981), this Court summarized the principles governing modification of child support.

> First, that "the party seeking to modify a support order bears the burden of demonstrating such a change of circumstances as will justify a modification," ...; second, that "only material and substantial changes in circumstances, as proven by competent evidence, will warrant modification of a support order," ...; and third, that "a modification may only be based upon facts appearing in the record which show such permanent change in circumstances as to require such modification," ... (citations and italics omitted).

Fortune testified that following the order of October 19, 1983, he became obligated to pay $60.00 per week and $3,700.00 in arrearages for the support of his third child, who was born of his second marriage. According to Fortune, this new support obligation constituted a substantial and permanent change in circumstances justifying a modification in support for Jonathan.

This new support obligation might be viewed as a substantial increase in Fortune's expenses, or a material change of circumstances. *See Jaskiewicz v. Jaskiewicz*, 325 Pa.Super. 507, 473 A.2d 183 (1984). We iterate that the trial court did not deny Fortune's petition for modification on grounds that he failed to prove a change of circumstances. The petition was dismissed because it was viewed as a request for reconsideration only, and the court stated that it had no jurisdiction to reconsider support. Perhaps the trial court would have modified support on the basis of the new child support obligation had it entertained a petition for modification. Accordingly, we reverse the order of February 14, 1984, and remand for further proceedings on modification.

■ Forsythe appeals from the order of January 4, 1985, which vacated support for Jonathan. Prior to reviewing the substantive nature of this order, we must determine whether the trial court had jurisdiction to proceed on the petition to vacate.

Fortune had filed his notice of appeal on March 15, 1984, ten months prior to the order vacating support. Under Pa.R.A.P. 1701(a), the trial court may not "proceed further in the matter" once an appeal is taken. There are several instances, however, when the trial court may proceed. Pa. R.A.P. 1701(b); *see Cohen v. Jenkintown Cab Co.*, 300 Pa.Super. 528, 446 A.2d 1284 (1982). If the trial court had authority to vacate support for Jonathan following Fortune's appeal, it emanated from subsection (b)(1) of Rule 1701, which states,

> After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:
>
> > Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, *and take other action* permitted or required by these rules or *otherwise ancillary to the appeal* or petition for review proceeding (emphasis added).

We must determine whether the petition to vacate was ancillary to Fortune's appeal from the order for modification. We are not aware of precedent on this precise issue; therefore, we shall consider the relationship between Fortune's appeal and his subsequent petition to vacate. In so doing, we conclude that they were independent of each other, and that the trial court had jurisdiction to proceed.

The petition to vacate concerned matters arising subsequent to those at issue on appeal from the order for modification. It was not necessary for the trial court to possess the record, then before this court, as new evidence only was relevant to the petition to vacate. Furthermore,

the appeal from the order for modification was unaffected by the trial court's disposition of the petition to vacate. In *Commonwealth ex rel. Brown v. Brown*, 254 Pa.Super. 410, 386 A.2d 15 (1978), an appeal from a divorce decree did not divest the trial court of jurisdiction to award or terminate support. The appeal had suspended the divorce, and support involved issues collateral to the appeal. The same approach is applicable here.

A significant policy consideration supports our holding that the petition to vacate is ancillary to the first appeal. A complaint for support and petition for modification are generally retroactive only to filing. *Shovlin v. Shovlin*, 318 Pa.Super. 516, 465 A.2d 673 (1983). Should an appeal from a support order delay the filing of a petition for modification until the appeal is terminated, the petitioner would be compelled to wait even though grounds for modification arise in the meantime. Unless modification were retroactive to the time circumstances changed, the petitioner must pay the higher support during the appeal. Making a modification order retroactive to the time circumstances changed would not necessarily solve the problem as the recipient of support might be without means to remit the overpayment.

■ Finally, we address the question whether the trial court properly suspended support for Jonathan. We refer to our discussion above concerning the standard for modification of support. We further note our limited scope of review in support cases. The trial court vacated support due to Fortune's new obligation to support his third child. A duty to pay $60.00 per week and to defray arrearages in excess of $3,000.00 constituted a substantial change of circumstances. Considering Fortune's income, Jonathan's sources for payment of college expenses and Fortune's expenses, most notably his obligation to pay $60.00 weekly for two daughters, the trial court did not abuse its discretion in suspending support for Jonathan. Therefore, we affirm this order of January 4, 1985.

Order of February 14, 1984, reversed and remanded for proceedings on Fortune's petition for modification. Order of January 4, 1985, affirmed. The petition for modification shall be entertained by the trial court for a period terminating with the effective date of the order to vacate. Jurisdiction relinquished.