518 A.2d 588

**Carol Ann E. KOPP**

v.

**Robert C. TURLEY and Robert Charles Turley, Jr.**

**Appeal of Robert C. TURLEY.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Dec. 10, 1986.

Harry R. Mayer, Drexel Hill, for appellant.

Gail M. Whitaker, Chester, for appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

ROBERTS, Judge:

This is an appeal from an order requiring appellant Robert C. Turley to continue to pay child support for his 19–year-old son. The primary question presented is whether the duty to support a college-age child continues even though the child attends a commercial art school rather than a college. On this record, the trial court correctly determined that appellant must continue his support payments. Accordingly, we affirm the order of the trial court.

Appellee Robert Charles Turley, Jr. was born in December, 1966. He has lived with his mother, appellee Carol Ann E. Kopp, since her divorce from appellant in 1971. Appellant is presently under a consent order to pay $40.00 a week for the support of his son. This controversy arose after Robert's high school graduation in May, 1985, when appellant filed a petition to terminate the support order, which was denied. Appellant appeals from the denial of his petition and the order directing the continuance of the payments.

The record establishes that Robert was tested by a school psychologist in August of 1981. It was then determined that he was a learning disabled youngster with a deficiency in language skills, but possessing average to above average non-verbal skills. The psychologist testified that Robert was tested in the commercial art area, after which it was apparent that Robert showed consistent strength in visual motor skills. The trial court accepted the psychologist's conclusion that Robert could successfully complete a course of education at a commercial art school, and that he could become gainfully employed in that field.[1] Since his graduation from high school, Robert has been attending the Hussian School of Art in Philadelphia.

1. Appellant contends that the testimony of the school psychologist regarding appellee's learning disability was erroneously admitted. The witness was certified by the Department of Public Instruction as a public school psychologist. The witness' testimony was based on several examinations of the boy while he was in high school. We agree with the trial court that this testimony was properly admitted.

In *Fee v. Fee*, 344 Pa.Super. 276, 279, 496 A.2d 793, 795 (1985), this court restated the standard of review applicable in child support cases:

On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award. *Commonwealth ex rel. Robinson v. Robinson*, 318 Pa.Super. 424, 465 A.2d 27 (1983); *Downie v. Downie*, 314 Pa.Super. 548, 461 A.2d 293 (1983). An abuse of discretion is not " 'merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.' " *Boni v. Boni*, 302 Pa.Super. 102, 109, 448 A.2d 547, 550 (1982) (citation omitted); *Commonwealth ex rel. Darling v. Darling*, 300 Pa.Super. 62, 445 A.2d 1299 (1982).

Moreover, in *Lederer v. Lederer*, 291 Pa.Super. 22, 24–25, 435 A.2d 199, 200–201 (1981) the court wrote:

It is settled law in Pennsylvania that in absence of an agreement to educate "a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself." *Emrick v. Emrick*, 445 Pa. 428, 430–431, 284 A.2d 682 (1971); *Hutchison v. Hutchison*, 263 Pa.Super. 299, 300, 397 A.2d 1218, 1219 (1979). However, a support order may be entered against a parent for a child's college education, even in the absence of an agreement to support the child past the age of eighteen, as long as this obligation would not result in undue hardship to the parent. *Brake v. Brake*, 271 Pa.Super. 314, 413 A.2d 422 (1979).

Relying on this court's decision in *Brown v. Brown*, 327 Pa.Super. 51, 474 A.2d 1168 (1984), appellant argues that the duty of support extends only to a child attending a four year undergraduate college. *Brown* does not support ap-

pellant's contention. In *Brown* the request for support was for a child who had already graduated from college and was attending law school. There the court held that the father was not obligated to contribute to his son's expenses for his post-graduate education.

■ *Brown* does not limit the types of post-secondary education for which a parent may be compelled to provide support. Our cases do not stand for the proposition that a parent's obligation to provide education expenses is dependent on whether the child attends college or a commercial art school. Rather, the determination is to be made on the basis of whether the child possesses the aptitude and the desire to successfully complete the course of studies the school provides. *Lederer v. Lederer, supra; Commonwealth ex rel. Ulmer v. Somerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963).

■ Here, it is established that although Robert does not possess the skills needed to successfully complete college, he does possess ability in commercial art. The education that he is receiving at the Hussian School of Art will give him an opportunity for gainful employment that he might not otherwise have. Our decision in *Commonwealth ex rel. Stump v. Church,* 333 Pa.Super. 166, 481 A.2d 1358 (1984) supports this conclusion. In *Stump,* we held that a father was required to continue support payments so that his son could attend a private preparatory school. The court reasoned that since the child was not academically ready to proceed to college immediately following high school, the father was obliged to provide support for his son. There the court said:

> While the Hyde School is not a college and is therefore in a different category of institution than the schools discussed in the afore cited cases, we believe that the principle enunciated in them applies to this case. That is, in *Commonwealth ex rel. Ulmer v. Sommerville, supra,* and the cases following it, our courts have recognized that children, even those over the age of eighteen years are entitled to financial support from their parents so that

they may pursue education and prepare themselves for adulthood.

333 Pa.Super. at 172, 481 A.2d at 1361.

We agree with the trial court that *Stump* controls the outcome of this case. Hence, appellant's contention that he is not required to provide support for his son while attending commercial art school cannot prevail.

■ Appellant also contests the finding of the trial court that a continuance of the support order will not place an undue hardship on him. The record establishes that appellant has an average net weekly pay of $367.00. He has weekly expenses of $251.00, which includes the $40.00 support payments. Thus, he is left with approximately $116.00 a week over and above his expenses. As such, it is clear that the trial court did not abuse its discretion in making this determination. *Fee v. Fee, supra.*

Order affirmed.