540 A.2d 954

**Tina M. MARSHALL**

v.

**Elvin P. ROSS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 1, 1988.

Filed April 26, 1988.

236

Lawrence E. Frankel, Philadelphia, for appellant.

Before BROSKY, BECK and CERCONE, JJ.

BROSKY, Judge:

This is an appeal from the Order entered by the trial court denying appellant's exceptions and entering an Order for Child Support in the amount of $184.00 bi-weekly plus $6.00 in arrearages for the support of one child.

Appellant presents the following questions for our review: (1) whether the trial court erred in rigidly following the Philadelphia County Child Support Guidelines; (2) whether the trial court erred by disregarding appellee's testimony, which demonstrated that the actual needs of the child were substantially less than what the Guidelines would allocate; (3) whether the trial court erred by considering appellee's child care expenses as additional needs of the child; (4) whether the trial court erred by failing to consider, as income to appellee, money she receives as support for her other children; and (5) whether the trial court erred by failing to consider appellant's expenses which are related to his child who lives with him.

For the reasons that follow, we respectfully vacate the decision of the trial court and remand for further proceedings.

Appellee-mother and appellant-father are the parents of a minor child, who was born on January 18, 1985. Appellee

filed an action for support against appellant. Appellee has two other children, from a previous relationship, living with her. She receives $200.00 per month for support of these two other children. Appellant also has two other children, one of whom resides with him. The other child resides with appellant's former wife, to whom appellant pays $25.00 per week plus $5.00 per week in arrears in support. Both parties to this action are employed.

At the hearing before the Master, appellee testified that she lives with her brother and sister, and that she contributed $100.00 per month for rent for herself and her children. Her testimony as to food expenditures was unclear, but she did testify to spending $20.00 per month on Pampers, and claimed occasional medical expenses without giving a definite sum. Appellee stated that she had a weekly child-care expense of $40.00.

The Master recommended, and the trial court affirmed, that appellant is to pay $184.00 bi-weekly in support, plus $6.00 bi-weekly in arrearages. In arriving at this amount, the Master relied upon the Philadelphia County Support Guidelines which set the basic monthly child support needs at $425.00 per month. The Master found appellee's net bi-weekly income to be $379.00. Deductions were permitted for state and local taxes, but not for federal taxes, since appellee receives a refund of all federal taxes paid. The amount appellee receives as support for her other children was not included as part of her income.

Appellant's net bi-weekly income was found to be $713.00, allowing for deductions for state and local taxes, health and life insurance, and other child support payments. No allowance was made, however, for the expenditures made by appellant on behalf of the child residing with him.

In addition to the $425.00 monthly basic child support need set forth in the Guidelines, the Master added $173.00 a month for child care expenses, thereby arriving at a total of $598.00 a month necessary for the child. Appellant's income was calculated to be 65% of the combined income of the parties and was thus deemed to be responsible for 65%

of the total child support needs. Appellant filed Exceptions to the Master's Report and Proposed Order. The trial court denied those exceptions and entered the order proposed by the Master.

In summarizing the appellate scope of review in a child support case, our Court has recently stated:

On appeal, a child support order will not be disturbed unless the trial court committed an abuse of discretion. *Kopp v. Turley*, 359 Pa.Super. 106, 109, 518 A.2d 588, 590 (1986). An abuse of discretion is more than an error of judgment. It must be a misapplication of the law or an unreasonable exercise of judgment. *Id.*, 359 Pa.Superior Ct. at 109, 518 A.2d at 590.

\* \* \* \* \* \*

In order to calculate the support obligation of each parent, the court must first determine the reasonable needs of the children. *Reitmeyer v. Reitmeyer*, 355 Pa.Super. 318, 324, 513 A.2d 448, 452 (1986). Reasonable expenses are not limited to the bare necessities. A child is entitled to a reasonable standard of living based upon the social station, fortune and financial achievements of their parents. *Commonwealth ex rel. Stump v. Church*, 333 Pa.Super. 166, 172, 481 A.2d 1358, 1361 (1984).

The court must next determine, the respective abilities of the parents to support their children. To arrive at this amount, the court must make an allowance for the reasonable living expenses of each parent. The court must then calculate the parent's net income or earning capacity if that figure differs from actual income. *Lyday [v. Lyday*, 360 Pa.Super. 16] at 21–22, 519 A.2d [967] at 970. The trial court must consider every aspect of a parent's financial ability to pay support. The actual and potential cash flow from his property interests, financial resources, stock holdings and other investments should all be considered. *Id.*

*Ryan v. DeLong*, 371 Pa.Super. 1, 538 A.2d 1 (1987). Quoting *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987).

In *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984), the Pennsylvania Supreme Court established a formula for the calculation of child support awards. The Superior Court has interpreted *Melzer* to require calculation of the formula set out by the Supreme Court, but to also allow trial courts to adjust the resulting support obligation when deviation is warranted. *Riess v. DeLuca,* 353 Pa.Super. 622, 510 A.2d 1239 (1986).

Following *Melzer,* the Pennsylvania Legislature enacted 23 Pa.C.S.A. § 4322, which provided for the establishment of support guidelines, but also called for deviation when warranted, similar to *Melzer.* This provides for a flexible, individualized approach for support cases, and eschews the establishment of specified numerical amounts to reflect a child's needs. "Because § 4322 adopted this principle, county guidelines to the contrary are presumptively invalid." *Ryan v. DeLong,* supra, 371 Pa.Super. at 254, 538 A.2d at 4. Additionally, our Court stated in *Ryan* that, "[t]o insure that an actual dollar figure is determined as to the reasonable needs and expenses of the parents and children, the calculated *Melzer* formula must be in the record." *Id.,* 371 Pa.Superior Ct. at 252–254, 538 A.2d at 4. See also, *Shutter v. Reilly,* 372 Pa.Super. 251, 539 A.2d 424 (1988).

Instantly, the Master and the trial court relied solely upon the Philadelphia County Support Guidelines in their determination of the reasonable needs of the child. While the Master applied the mathematical formula provided on the form used for the proposed order, it was not the *Melzer* formula required by caselaw. Further, in using the strict guideline amount for the child's reasonable needs, both the Master and trial court ignored the mother's testimony as to that amount which she actually required to support her minor child.

Furthermore, in calculating appellant's ability to pay, the Master and trial court failed to take into consideration the expenses incurred by appellant in providing for the child who currently resides with him. This contravenes previous holdings by our Court. See *Butler v. Butler,* 339 Pa.Super.

312, 488 A.2d 1141 (1985) (the extent to which a party's other children affect the amount of resources available for child support is a relevant factor). See also *Fortune/Forsythe v. Fortune*, 352 Pa.Super. 547, 508 A.2d 1205 (1986). Accordingly, we find this failure by the trial court to consider appellant's expenses with regard to the child residing with him, to constitute an abuse of discretion.

Thus, we must vacate the order of the trial court and remand this case for a re-determination of appellant's support obligation; in accordance with *Melzer,* supra. and *Ryan,* supra.

Order vacated. Case remanded. Jurisdiction relinquished.

BECK, J., files a concurring opinion.

BECK, Judge, concurring:

I concur in the result.

I agree with the majority that the master and trial court erred by relying solely upon the Philadelphia County Support Guidelines in their determination of the reasonable needs of the child. I also agree that upon remand the trial court must consider the formula for calculation of child support awards as established in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). I write separately to explain that upon remand, the trial court must recompute the support award in accord both with *Melzer* and the county guidelines. *Shutter v. Reilly*, 372 Pa.Super. 251, 539 A.2d 424 (1988).

Appellant does not argue that the Philadelphia County Support Guidelines are inconsistent with *Melzer* and thus presumptively invalid. *Ryan v. Delong*, 371 Pa.Super. 1, 538 A.2d 1 (1987). The validity of the guidelines is not before us and it is incorrect to ignore them. These guidelines were formulated in response to 23 Pa.Cons.Stat.Ann. § 4322 (Purdon Supp.1987). They are to be considered in entering a support order. *Shutter v. Reilly, supra; Palmatier v. MacCartney*, 365 Pa.Super. 300, 529 A.2d 518

(1987), *Reitmeyer v. Reitmeyer*, 355 Pa.Super. 318, 513 A.2d 448 (1986). The trial court must consult these guidelines so that the suggested amount of support is given due consideration and so there may be uniformity of awards for persons similarly situated. *Shutter v. Reilly, supra.*