552 A.2d 310

Kathleen WUNDER, Appellee,

v.

Charles D. FAZIO, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 15, 1988.

Filed Jan. 12, 1989.

Bernard V. DiGiacomo, Conshohocken, for appellant.
Diane M. Zabowski, Collegeville, for appellee.

Before OLSZEWSKI, BECK and JOHNSON, JJ.

OLSZEWSKI, Judge:

Appellant, Charles D. Fazio, appeals from an order dismissing his petition to vacate a support order. Appellant urges that the trial court erred in dismissing the petition to vacate because the support order requires a $40 a week payment for a child over the age of eighteen years who has no learning disability and who attends business school. We affirm.

The subject of the support order, Renee Kaas, was born out of wedlock on November 4, 1967, to appellant and appellee, Kathleen Wunder. Ms. Kaas graduated from high school in June, 1987, and is enrolled in The Lansdale School of Business. She is a full-time student in an eighteen-

month associate degree program that she expects to complete in January, 1989. The tuition for the program is $7,193. Ms. Kaas earned $5,300 in 1987 and received $2,625 in loans.

Ms. Wunder and her husband, who support eight children, earned $34,000 in 1987. In the same year, appellant earned $50,000 and supported his wife and two children.

In March, 1985, appellant's support payment for Ms. Kaas was modified to $40 per week. On July 31, 1987, appellant petitioned the court to vacate the support order. Exceptions were filed to a master's order recommending dismissal of the petition. On June 24, 1988, the trial court entered an order upholding the denial of the petition to vacate. This appeal followed.

■ Appellant contends that the trial court erred "in refusing to vacate a support order requiring payment for a person over the age of 18 years, who has graduated from high school, has no learning disability and is attending business school[.]" Appellant's brief at 3. When reviewing child support cases, we will not disturb the trial court's order unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award. *Kopp v. Turley*, 359 Pa.Super. 106, 109–110, 518 A.2d 588, 590 (1986), *quoting Fee v. Fee*, 344 Pa.Super. 276, 279, 496 A.2d 793, 795 (1985).

Our standard for evaluating support for an adult child who wishes to pursue post-high school education is as follows:

In *Lederer v. Lederer*, 291 Pa.Super. 22, 435 A.2d 199 (1981), the court wrote:

It is settled law in Pennsylvania that in absence of an agreement to educate "a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate earning capacity or

income to enable him to do so without undue hardship to himself." *Emrick v. Emrick,* 445 Pa. 428, 430–31, 284 A.2d 682 (1971); *Hutchinson v. Hutchinson,* 263 Pa.Super. 299, 300, 397 A.2d 1218, 1219 (1979). However, a support order may be entered against a parent for a child's college education, even in the absence of an agreement to support the child past the age of eighteen, as long as this obligation would not result in undue hardship to the parent. *Brake v. Brake,* 271 Pa.Super. 314, 413 A.2d 422 (1979).

Id., 291 Pa.Superior Ct. at 24–25, 435 A.2d at 200–01. The child in question must also possess the aptitude and the desire to successfully complete the course of studies he has chosen to pursue. *Kopp* [*v. Turley,* 359 Pa.Super. 106, 110, 518 A.2d 588, 590 (1986) ].

... [T]his responsibility is not based upon the child's inability to support himself. However, we recognize that many children contribute to the cost of their own education. Therefore, trial courts may consider an adult child's current earnings when determining the parent's support obligation for post-high school education expenses.

*DeWalt v. DeWalt,* 365 Pa.Super. 280, 287, 529 A.2d 508, 512 (1987).

We note that appellant attempts to draw a distinction between support for college and support for trade school. We have declared, however, that a parent's obligation to provide education expenses is not dependent on what type of post-high school training the child pursues. *Kopp, supra.* "Rather, the determination is to be made on the basis of whether the child possesses the aptitude and the desire to successfully complete the course of studies the school provides." *Id., citing Lederer, supra; Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 190 A.2d 182 (1963).

Instantly, the trial court determined as follows:

The Lansdale School of Business (LSB) is accredited by the Association of Independent Colleges and Schools. The testimony of Eugene Kivett, the director of education at the school, revealed only minor functional differences between it and a Community College.

Fazio claims Renee's high school grades show she is not willing and able to complete college. The facts are to the contrary; she commenced her present course within two months of high school graduation and demonstrated sufficient aptitude to be accepted by the school. Moreover, she has maintained better than passing grades in the two terms so far graded.

Fazio has sufficient income and estate so no undue burden has been placed on him. In *Deiley [v. Deiley*, 281 Pa.Super. 288, 422 A.2d 172 (1980)], a father's gross income of $31,000 a year was adequate to require support by him of an 18 year old college student. Fazio earns $50,000 a year and has only his wife [and two children] to support so an order of $40/week is no burden.

Other relevant factors in determining the amount of support are earning capacity of the nonpaying parent and whether the nonpaying parent is currently being supported by a spouse. *Lascheid v. Hoover*, 278 Pa.Super. 261, 264, 420 A.2d [530, 532] (1980). The earning capacity of Renee's mother is minimal and there are eight children to support. Her husband's earnings are less than half of Fazio's.

Opinion at 3–4.

■ Based on the foregoing, we do not believe that the trial court abused its discretion in ordering appellant to pay $40 per week for Ms. Kaas' education expenses. The record reflects that Ms. Kaas is eager and diligent regarding her studies. Further, she contributes significantly to her education. Finally, appellant's minimal support obligation certainly does not result in undue hardship to him or those whom he supports.

The order of the trial court is affirmed.