421 A.2d 232

COMMONWEALTH of Pennsylvania ex rel.
Shirley GRALLNICK

v.

Philip GRALLNICK.

**Appeal of Shirley GRALLNICK.**

Superior Court of Pennsylvania.

Argued June 12, 1979.

Filed July 3, 1980.

Jack A. Rounick, Norristown, for appellant.

Edward J. Hughes, Norristown, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

The appellant–mother and the appellee–father are separated. Their daughter, Jayne, age 19, attends college but spends the vacation periods with her mother.

The father paid between seven and eight thousand dollars for his daughter's college expenses including maintenance while in college during the 1977–78 academic year.

During her vacations the daughter lives at home with the mother for approximately 22 weeks per year. The cost of this maintenance is about $960.00 which the mother has paid. The daughter worked as a camp counsellor during the summer and her earnings were used to buy clothes.

The father is a dentist and nets approximately $80,000.00 per year in spendable dollars after adding back the depreciation he takes on his tax returns.

The mother is employed part–time as a reading improvement teacher and nets $4,000.00 per year. She also tutors and earns an additional $45.00 per week. Her total earned income is less than $5,000.00 a year. She has $10,000.00 in savings plus $15,000.00 her husband gave her.

The mother petitioned for support of the daughter and, after hearing, the petition was dismissed. The court, in its opinion, indicated that the dismissal resulted from a finding

* President Judge JOHN Q. STRANAHAN of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUGERMAN of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

that "the mother provides but a minimal contribution to the total amount that is paid for the support, maintenance and education of her daughter. In light of the equal obligation of both parents to support any dependent child, the amount contributed by her is proportionate to her present means and her earning capacity."

The mother has appealed the Order dismissing the petition.

It is not the function of this Court to reverse the lower court in a support matter if there is sufficient evidence to sustain the lower court. The trial judge who hears a support case can view the parties and hear their testimony which gives him an insite that the appellate court does not have. There must be an abuse of discretion for this Court to reverse. *Commonwealth ex rel. Schmidt v. Schmidt*, 223 Pa.Super. 20, 296 A.2d 855 (1972).

It is the opinion of this Court, based on the facts as set forth, that the lower court was in error in dismissing the petition and in doing so, it abused its discretion.

The lower court relies on *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974), which holds that: "Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability." (456 Pa. pg. 540, 318 A.2d 324).

While this case elevates the financial responsibility of the mother from a secondary source to a co–equal primary source with the father, it continues to make capacity and ability to pay the controlling factor in allocating the responsibility between mother and father.

The duty of parents to educate their children at the college level differs from the food, shelter and clothing requirement owing to precollege children in that it will not be imposed upon either parent if it creates an undue hardship. *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963), *Commonwealth ex rel. Schmidt v. Schmidt*, supra. Absent such hardship the duty exists.

■ In the present case we do not feel that the mother's financial position warrants placing the $960.00 cost of the daughter's support and maintenance on her. Admittedly this is a small amount compared to the father's expense, yet the mother's income barely sustains her in very moderate circumstances. Comparing this with the father's $80,000.00 income, it leads us to the conclusion that the entire cost of maintaining the daughter during her college years should be placed on the father. He can accept this responsibility without undue financial hardship. In addition, we feel that the services of the mother, whose home is used by the daughter during vacations, would have some value, even though it would be difficult to reduce it to a specific amount. The claim of $960.00 for 22 weeks amounts to about $44.00 a week. If the mother can provide room, board and other household services for this amount, we believe the father is being assessed a modest amount for such services and that the mother is contributing services of considerable value over and above the amount paid for the daughter's care.

The order of the lower court is reversed and this matter is remanded so that the lower court can make an order against the father for the support of his daughter, Jayne, during her vacation periods.