474 A.2d 1168

**Robert BROWN, Jr.**

v.

**Robert BROWN, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 26, 1984.

Filed April 19, 1984.

Petition for Allowance of Appeal Denied Sept. 26, 1984.

52

Robert X. Medonis, Pittsburgh, for appellant.

James G. Groninger, Pittsburgh, for appellee.

Before WIEAND, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

This is an appeal from an order entered in the Court of Common Pleas of Allegheny County, requiring appellant, Robert Kevin Brown, Sr., to pay support for his son, appellee, Robert Kevin Brown, Jr., in the amount of $150 per month, as well as to provide medical insurance coverage for appellee, a 22 year old student at Duquesne University School of Law. We reverse.

The sole issue with which we are here concerned is whether the lower court committed reversible error in concluding that a duty of financial contribution to the expenses of a legal education is owed by appellant to his adult son.[1]

■ The scope of appellate review in support cases is confined to a determination of whether there has been abuse of discretion by the court below. *Commonwealth ex rel Grallnick v. Grallnick*, 279 Pa.Super. 347, 421 A.2d 232 (1980). Here we find that the trial court has misapplied existing law to include professional training of an emancipated adult child among the obligations of a divorced parent, thereby formulating policy which extends beyond the boundaries mandated by precedent.

The Pennsylvania Courts have acknowledged, in cases where no undue hardship would be occasioned, a parental obligation to support a child through college assuming the child's aptitude and desire to participate. *Lederer v. Lederer*, 291 Pa.Super. 22, 435 A.2d 199 (1981); *Grallnick, supra; Deiley v. Deiley*, 281 Pa.Super. 288, 422 A.2d 172 (1980); *Commonwealth ex rel Schmidt v. Schmidt*, 223 Pa.Super. 20, 296 A.2d 855 (1972); *Commonwealth ex rel Rice v. Rice*, 206 Pa.Super. 393, 213 A.2d 179 (1965). Appellant has fulfilled his responsibility in this regard as appellee graduated from Carnegie-Mellon University in 1979.

1. Appellant had been separated from his wife, with whom appellee and his younger sister reside, for four years as of January 1983.

■ However, it is a further principle of law in this Commonwealth that upon a child's attainment of his majority the obligation of a parent to support him ends, at least presumptively, and that the presumption must be rebutted by the child, demonstrating some defect, mental or physical, rendering self-support unfeasible or employment impossible. *Verna v. Verna,* 288 Pa.Super. 511, 432 A.2d 630 (1981); *Commonwealth ex rel Schulberg v. Hirsch,* 236 Pa.Super. 179, 344 A.2d 530 (1975).

The only Pennsylvania case dealing directly with the point at issue here, *Colantoni v. Colantoni,* 220 Pa.Super. 46, 281 A.2d 662 (1971) relies on the majority and emancipation of the medical student son to deny him support from his physician father. Although *Colantoni, supra,* is sufficiently dissimilar factually to offer by itself no decisive support in the instant case, it is at least instructive in the consistency with which it applies the thrust of the case law to a graduate student situation. The age of majority, whether 18 or 21, is not one to conjure with in support cases, but it does, absent exceptional circumstances, offer a reliable indicium of the potential autonomy of the child. It is from that point that the required inquiry into specifics must proceed.

Appellee contends that the facts and circumstances of this case serve to counter the presumption of discharged duty raised by his having reached legal adulthood. The trial court found the crucial elements to be the demands of a law school curriculum, appellee's family and financial obligations, appellant's undisputed ability to make monetary contributions, and a familial norm of erudition evidenced by appellant's advanced degrees. The lower court, in further developing its rationale, finds validity for its conclusions in the assumption that at least one case, *Hirsch, supra,* equates the status of student, for purposes of support, with physical or mental incapacity (Slip Op. at 13). We must disagree with this analysis.

In the first instance the disadvantages under which appellee labors are those of an adult and are being borne by an adult; the fact of appellant's substantial financial resources

is irrelevant. And, while *Hirsch, supra,* might buttress the notion of appellee's putative dependency were his age or educational attainments less, here the equation of student status and physical or mental incapacity is inapposite. Even the scarce authority for the theory that a full-time student is a dependent adult [see, e.g., *In Re: Locke,* 3 Fam.L.Rep. 2097 (1976) ] has not been extended to a child beyond age 22.[2]

■ The ancillary question then arises as to whether the term college is meant to include within its ambit post-graduate and professional level training. The absence of authority in Pennsylvania requires us to consider the definition used elsewhere. The New Jersey Superior Court and the New York Court of Appeals both adopt the definition of "college" which limits its meaning to undergraduate study leading to a bachelor's degree, finding this to be the meaning in customary usage. See *Epstein v. Kuvin,* [3] 25 N.J.Super. 210, 95 A.2d 753 (1955); *In Re Kelly's Estate,* 285 N.Y. 139, 33 N.E.2d 62 (1941). We find this in conformity with the intent of the Pennsylvania child support rules.

■ Although, as the lower court implies, citing *Commonwealth ex rel Grossman v. Grossman,* 188 Pa.Super. 236, 146 A.2d 315 (1958), it is the obligation of the courts to ensure that the disadvantages visited upon children by the divorce of their parents are minimized, there must be a terminus beyond which the obligation to support does not extend. It is not necessarily the case, for example, that were the parents' marriage intact they would wish to support an adult child capable of self-reliance through professional training even were support economically practical.

2. *In Re: Earnshaw,* 6 Ches.Co.Rep. 274 (1954), presents a case in which the 23 year old daughter of an incompetent petitioner was awarded payments from her father's estate for the purpose of obtaining a graduate education to qualify her for gainful employment as a librarian. No appellate court has followed this line of reasoning in a case involving a normally functioning adult child. Compare: *Commonwealth ex rel Groff v. Groff,* 173 Pa.Super. 535, 98 A.2d 449 (1953).

3. In this case the appellate court reversed the court below which had included medical school within the definition of college.

56

In this instance not only the marriage ties but those with the son are considered to be"severed and irrevocable" (H.T. 12).

Case law sets the limits of parental obligation at college or majority, absent some dysfunction on the child's part warranting extension, and provides flexibility such as to accommodate, where necessary, other exceptions. However, to expand these boundaries to the extent contemplated here extends responsibility in perpetuity. We find, therefore, that no duty of support is owed appellee by his father as no showing of dependency has been made, nor does law school qualify as college such as to continue appellant's obligation to support his son.

The Order of the Lower Court is reversed.

Jurisdiction is relinquished.