478 A.2d 866

**Michael DEVERGILIUS, Jr., Kimberly Ann Devergilius**

v.

**Michael DEVERGILIUS, Appellant.**

Superior Court of Pennsylvania.

Argued March 14, 1984.

Filed July 13, 1984.

Peter J. Comerota, Scranton, for appellant.

Joseph A. O'Brien, Scranton, for appellees.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

This is an appeal from an order requiring Michael DeVergilius, the appellant, to pay twenty ($20) dollars per week for the support of two children, Michael DeVergilius, Jr. and Kimberly Ann DeVergilius, while they attend college.[1] An independent review of the record persuades us that the entry of the order was an abuse of discretion. In the first place, appellant has not agreed that he would continue to support his children while they sought a college education. Secondly, appellant is not able to pay support for his college age children without undue hardship to himself and his new family. Finally, the appellee children are themselves beneficiaries of a substantial trust fund. The order, therefore, will be reversed and set aside.

Michael DeVergilius, age 20 at the time of hearing, and Kimberly DeVergilius, age 18, are the children of Michael DeVergilius and Frances Serafini. The parents are divorced. A separation agreement is ambiguous. Although it implies that the parties contemplated college educations for their children, it does not impose upon the appellant father an affirmative duty to pay therefor. The children, since the

---

1. The order also directed appellant to pay certain arrearages at the rate of ten dollars per week. This portion of the order has not been challenged on appeal.

separation of their parents, have resided with their mother; they have not maintained contact with their father. They now attend Ithaca College.

Appellant has remarried and is now the father of a three and one-half year old daughter born of his second marriage. He is employed by PennDOT and takes home weekly a net salary of $313.67. He has no other income; he rents a home and is the sole support of his second family. His expenses for necessaries average $1,169.50 per month.

During the summer preceding the hearing, Michael, Jr. was employed by Empire Contracting Company and earned $3,600. Thereafter, he took employment as a legislative aide in his uncle's office at a biweekly salary of $225. He owns an interest in several pieces of land in the Borough of Taylor, Lackawanna County, and is the beneficiary of a trust created by his grandmother. He receives $2,300 per year in interest and $1,630 per year in dividends.

Kimberly earned wages of $492.45 from a summer job. She, too, is the owner of an interest in real estate with her brother and the beneficiary of a trust fund created by her grandmother. She received interest of $1,523.80 and dividends of $1,631.57 during the year preceding the hearing. She also receives a financial grant of $500 per semester to aid her in obtaining a higher education.

Frances Serafini, the mother of the two children, is employed as a school teacher and earns a net weekly amount of $263.82. She is the principal life beneficiary of the trust created by the terms of her mother's will. The trustee can invade principal for her benefit and upon her request. Upon her death, the children succeed to her interest in the trust estate.

■ The law is well established that a father who has not agreed to assist a child in obtaining a college education will not be ordered to support a child who attends college unless he has sufficient estate, earning capacity or income to pay the order without undue hardship. See: *Emrick v. Emrick*, 445 Pa. 428, 284 A.2d 682 (1971); *Brown v. Brown*,

327 Pa.Super. 51, 474 A.2d 1168 (1984); *Lederer v. Lederer*, 291 Pa.Super. 22, 435 A.2d 199 (1981); *Commonwealth ex rel. Grallnick v. Grallnick*, 279 Pa.Super. 347, 421 A.2d 232 (1980); *Commonwealth ex rel. Brown v. Weidner*, 208 Pa.Super. 114, 220 A.2d 382 (1966); *Commonwealth ex rel. Rice v. Rice*, 206 Pa.Super. 393, 213 A.2d 179 (1965); *Commonwealth ex rel. Ulmer v. Sommerville*, 200 Pa.Super. 640, 190 A.2d 182 (1963).

█ In this case, the circumstances are such that appellant cannot pay the court order without undue hardship. Moreover, the evidence demonstrates that the children are financially secure and will obtain a college education with or without assistance from their father. Under these circumstances, we are constrained to conclude that it was an abuse of discretion to compel appellant to continue the support of his children while they attend college.

That portion of the order which directs appellant to continue to support his children while they attend college is reversed and set aside.