## Horst v. Horst

*Gary L. Snyder,* for plaintiff.
*Andrew Brown,* for defendant.

UHLER, *J.* June 1, 1990—John P. Horst appealed from the temporary order of the hearing officer, who fixed an order in the amount of $205 per week for the support of two minor children; namely, Jeremy M. Horst and Brianna K. Horst, dates of birth May 11, 1983 and September 27, 1986, respectively.

The court, upon review of the testimony, adopts the following findings. Defendant nets $2,869.49 per month and plaintiff nets $1,264.48 per month. Plaintiff further incurs child care costs of $517 per month.

The primary issue before the court is whether defendant's contribution for college education for his son of a prior marriage, John F. Horst, constitutes a relevant factor which should be taken into account in determining his child support obligation to the parties' two minor children.

Subject to a preserved relevancy objection, defendant introduced testimony: (1) that John F. Horst, an 18-year-old, was able and willing to pursue his college courses in architectural engineering at Drexel University; (2) that defendant personally contributed over $5,500 on behalf of son through either direct payments to Drexel, biweekly allowance checks of $100, and direct payments for sundry requirements; (3) that sometime during John F.'s high school tenure and before the parties' separation, discussions were generally had between plaintiff and defendant as to John F.'s abilities and the need to assist him in college by father; (4) testimony was offered as to father's attempts to save college funds for John F. during the marriage, which were claimed by father to have been divided in the marital settlement.

In contrast, plaintiff/wife countered: (1) that no understanding was ever made by her and defendant at any time during the parties' 10-year marriage to educate John F. Horst; (2) defendant never sought support whatsoever for John F. from his first wife while he was a minor and/or for studies after high school graduation; (3) defendant has not sought an agreement from his present fiancee with whom he resides for contribution toward John F.'s education; (4) the cost of raising minor children is an ongoing ever-increasing obligation which should not be subservient to father's commitment to his college-age son.

It was clear from the testimony that notwithstanding defendant/father's contention that an *agreement* existed to educate John F., that at *no* time was it understood between the parties that the minor children's entitlement would be mitigated. The court further was unable to find that, indeed, a mutual and enforceable agreement existed between the parties

as to educating John F.—not only due to lack of factual clarity, but also by reason that the same would be against public policy, and lacked legal consideration. *Brown v. Hall,* 495 Pa. 635, 435 A.2d 859 (1981); *Oman v. Oman,* 333 Pa. Super. 356, 482 A.2d 606 (1984); and *Stelmack v. Glen Alden Coal Co.,* 339 Pa. 410, 14 A.2d 127 (1940).

Likewise, implied duties in loco parentis terminated between the stepmother/plaintiff and John F. upon the dissolution of the marriage in 1988. *Commonwealth ex. rel. McNutt v. McNutt,* 344 Pa. Super. 321, 496 A.2d 861 (1985). Consequently, defendant has not made out a contractual or legal duty to entitle direct or indirect contribution from plaintiff for John F.'s college education.

Defendant's fall-back position regarding the equitable division of moneys saved for John F.'s education during the marriage was likewise, not persuasive in light of the conflicting economic testimony presented, and, again, the defendant's failure to sustain his burden. The court places no weight to that line of testimony.

Pennsylvania law recognizes that upon a child's attainment of his majority, a parent's obligation to continue support ends, rebutted only in part by the child's ability and desire to pursue college and that no undue hardship would be occasioned upon the parent by compelling support for the college-bound child to continue the education. *Brown v. Brown,* 327 Pa. Super. 51, 474 A.2d 1168 (1984). The parental duty to support a college education of an emancipated child is not absolute, but rather subservient to conditions or elements establishing the college support entitlement as established by the case law, not the least of which is "undue hardship" of the parent.

The guidelines found in Rule 1910-5 of the Pennsylvania Rules of Civil Procedure clearly establish that the support of a minor child is a priority obligation, unlike the "undue hardship" standard of parental obligation for the emancipated college-bound. This primary obligation for the minor children contemplates the sacrificing of personal comfort to provide necessities for a child too young to support itself. *Commonwealth ex. rel. Ulmer v. Sommerville,* 200 Pa. Super. 640, 190 A.2d 182 (1963).

Under the facts presented, the court finds that defendant's voluntary support of his emancipated child is not a factor to be considered in fixing a child support award for the two minor children. Consequently, the appeal in the within action is denied. An appropriate order will be entered.

## ORDER

And now, June 1, 1990, the appeal of the defendant, John P. Horst, is denied. The amount of child support is confirmed at $205 per week.