604 A.2d 732

**Joyce McCABE, Appellee,**

v.

**Paul KRUPINSKI, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1991.

Filed March 9, 1992.

Frederic M. Wentz, Norristown, for appellant.
Robert G. Leino, Eagleville, for appellee.

Before WIEAND, JOHNSON and HOFFMAN, JJ.

WIEAND, Judge:

As a general rule, a parent is not obligated to pay a child's college expenses beyond the child's twenty-third birthday absent exceptional circumstances. *Griffin v. Griffin*, 384 Pa.Super. 188, 558 A.2d 75 (1989); *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987). In this case, the trial court, by order dated April 9, 1991, directed a father to pay all tuition and costs of books for a daughter who started college in September, 1986, and who will not be graduated before June, 1992. Father's appeal requires that we examine the circumstances to determine if they are sufficient to support the trial court's order.

Joyce McCabe, mother, and Paul Krupinski, father, were divorced in June, 1978. Custody of their two children, Lisa, born December 20, 1967, and Michael, born August 31, 1970, was obtained by their mother. Both parents have since remarried. Michael, unfortunately, died in 1985, while Lisa was in her senior year at high school. In September, 1986, she began matriculating at West Chester University.

An order for the support of Lisa had been entered against father on May 3, 1978 and modified on November 6, 1986. On June 20, 1990, mother filed a petition for an increase in the amount of the order for the support of her daughter, and, on July 3, 1990, father filed a petition to terminate the order. A support master recommended that the father's duty to support his daughter continue only until the daughter's twenty-third birthday on December 20, 1990. Exceptions were filed to this recommendation, and a hearing de novo was held before the trial court, which entered the order from which the present appeal has been filed.

A parent's legal obligation to support a child in college, in the absence of a specific agreement to do so, exists only if two conditions are met. First, the child must be able and willing to pursue successfully a college course of study; and secondly, the parent must have sufficient estate, earning capacity or income to enable him or her to pay such support without suffering undue hardship. *Grif-*

*fin v. Griffin, supra,* 384 Pa.Super. at 194, 558 A.2d at 78. See: *Lederer v. Lederer,* 291 Pa.Super. 22, 25, 435 A.2d 199, 201 (1981); *Commonwealth ex rel. Ulmer v. Sommerville,* 200 Pa.Super. 640, 643–644, 190 A.2d 182, 184 (1963). Only in exceptional cases, however, may the parent's obligation to support a child in college extend beyond the child's twenty-third birthday. *Griffin v. Griffin, supra,* 384 Pa.Super. at 195, 558 A.2d at 79; *DeWalt v. DeWalt, supra,* 365 Pa.Super. at 289, 529 A.2d at 513. In *DeWalt,* the Court said:

> The disadvantages forced upon children by their parents' divorce should be minimized. Parents who would have supported their child's education if they had not divorced, should not be encouraged to further victimize a child by leaving him without a college degree. However, this parental obligation is not limitless and does not extend into perpetuity. As discussed above, it is dependent upon a showing by the child that he is interested in pursuing his education. *Id.* [*Brown v. Brown*], 327 Pa.Superior Ct. [51], 55–56, 474 A.2d [1168], 1170 [1984].
>
> By the age of twenty-three, a young adult will usually have had at least four years to complete his college education. If he has shown the requisite interest, he should have his degree in hand. If he has not demonstrated this commitment and has failed to take advantage of the opportunity given him, he has waived any right to complain about a lack of parental interest. As an adult, he must be prepared to accept at least this much responsibility. Of course, exceptional cases will arise where the circumstances are such that this rule should not be inflexibly applied. A child may be unable to complete his education in four years because his parent refused to pay support. If a support order is finally entered, it would hardly be fair to terminate the obligation before the child has received four full years of parental aid. A contrary result would reward the parent for his own intransigence. Likewise, a child may have been ill and unable to complete his course work in the usual time frame. Certainly,

the law will not compound his suffering by refusing to consider these extenuating circumstances when determining the parental support obligation.

*Id.*, 365 Pa.Superior Ct. at 290, 529 A.2d at 513–514.

■ The fact that a child's parents have been divorced is not alone such an exceptional circumstance as to require a parent to support a child in college beyond the child's twenty-third birthday. If the rule were otherwise, there would be no need in most cases for a time limit upon a parent's duty of support for a child who is attending college. The divorce between the child's parents in the instant case occurred more than eight (8) years before Lisa entered college. Therefore, it cannot be made a basis for requiring appellant to support his daughter for six years while she attends college in search of a degree in secondary education.

■ In addition to the trauma caused by her parents' divorce, however, the trial court found that Lisa's pursuit of a college degree had been impeded by a psychological reaction to her brother's death in 1985, her mother's nervous breakdown in 1987 and her own depression, for which she had sought psychiatric help. These events, coupled with Lisa's need to find a part-time job to meet her expenses, the court found, had prevented her from carrying a full course load. If these facts are correct, then a court could find that the circumstances were exceptional and required that the parent's duty to support his child while attending college be extended beyond the child's twenty-third birthday.

It is correct, as appellant argues, that Lisa's testimony was not corroborated by any psychiatrist who allegedly treated her and that there was no medical or psychological testimony to establish a causal connection between the trauma in her life and her inability to complete the work needed for a degree in secondary education within four (4) years. Lisa's testimony was corroborated in part, however,

by the testimony of the Reverend Michael Dahulich, who had counseled with her.

This is not an easy case. Lisa has been a marginal student. She was unable to decide upon her major course of study until the beginning of her junior year. This meant that courses were taken for which credit could not be given toward her degree in secondary education. It was also necessary that several courses be repeated because of inadequate grades, and at least one course was dropped midterm.

The trial court found, based on her testimony, that the difficulties in Lisa's search for a degree had been caused by the traumatic experiences which had interrupted her college career. Credibility is solely an issue for the trier of fact, and our review is limited to the question of whether the trial court's findings of fact are supported by competent evidence. *Kay v. Kay*, 460 Pa. 680, 683, 334 A.2d 585, 586 (1975). Here, a review of the record discloses that the trial court's findings are supported by competent evidence. On the basis of the record before this Court, therefore, it cannot be said that the trial court committed an error of law or abused its discretion. We will not reverse the trial court's order merely because we, if we had heard this case as trial judges, may have decided it differently.

Appellant also argues that the trial court should have given consideration to the fact that a trust had been set up to provide for the education of both Lisa and Michael. However, the court found that this money had properly been exhausted by the children's mother for the children's use and benefit. The record does not permit a reviewing court to hold that this was error. Therefore, we will not disturb the court's finding.

Order affirmed.

JOHNSON, J., files a concurring and dissenting opinion.

JOHNSON, Judge, concurring and dissenting.

I agree with my distinguished colleague, Judge Wieand, that the trial court's findings of fact are supported by

competent evidence, and that the trial court's conclusions and order are free of error and well within the trial court's discretion. I join in the order of this Court which affirms the order directing Paul Krupinski, appellant, to pay support for his daughter's college education, encompassing all expenses for tuition and books.

I write separately because I cannot join the belief of both Judge Wieand and the most distinguished trial judge, the Honorable Richard S. Lowe, that Pennsylvania law has inscribed, indelibly, an additional requirement of "unusual and exceptional circumstances" in those situations where the child seeking post-secondary educational support has attained age twenty-three.

In his order entered April 9, 1991, Judge Lowe states:

The Court is cognizant of the well settled principle that absent unusual and exceptional circumstances a parent is not obligated to pay a child's college expenses beyond the child's twenty-third birthday. *Griffin vs. Griffin*, 384 Pa.Superior Ct. 188, 558 A.2d 75 (1989); *DeWalt vs. DeWalt*, 365 Pa.Superior Ct. 280, 529 A.2d 508 (1987).

Order of Court, Lowe, J., filed April 11, 1991. My colleague, Judge Wieand, begins his analysis on this appeal, with the same assertion:

As a general rule, a parent is not obligated to pay a child's college expenses beyond the child's twenty-third birthday absent exceptional circumstances. *Griffin v. Griffin*, 384 Pa.Super. 188, 558 A.2d 75 (1989); *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987).

Majority opinion, page 733. My review of our case law persuades me that the rule, if it exists, is the result of dictum and was necessary in only one of the cases where its declaration as a rule of law may be found. Because I believe that the restatement of the "rule" is counterproductive, I would distance myself from so much of the majority opinion as would pay homage to that principle.

In *DeWalt v. DeWalt*, 365 Pa.Super. 280, 529 A.2d 508 (1987), a panel of our court, with Judge Frank J. Montemu-

ro, Jr. concurring in the result, rejected the appellant father's claim that the order to pay $100 per month for his son's college expenses imposed an undue hardship. The panel nevertheless modified the trial court's order so that the support obligation would end in March 1988 when the son attained age twenty-three. In so doing, the court appeared to be relying completely on the earlier case of *Brown v. Brown*, 327 Pa.Super. 51, 474 A.2d 1168 (1984). The *DeWalt* panel said:

In *Brown v. Brown*, 327 Pa.Super. 51, 474 A.2d 1168 (1984), we stated that a parent's obligation to pay his child's college expenses may not be extended past the child's twenty-third birthday except in unusual cases. *Id.*, 327 Pa.Superior Ct. at 55, 474 A.2d at 1170. This is not an arbitrary number plucked indiscriminately from the judicial hat. It is consonant with the policies underlying this parental obligation.

The duty to pay for a child's college education in certain circumstances results from a balancing of competing policies ... However, this parental obligation is not limitless and does not extend into perpetuity. As discussed above, it is dependent upon a showing by the child that he is interested in pursuing his education. *Id.*, 327 Pa.Superior Ct. at 55–56, 474 A.2d at 1170.

By the age of twenty-three, a young adult will usually have had at least four years to complete his college education. If he has shown the requisite interest, he should have his degree in hand. If he has not demonstrated this commitment and has failed to take advantage of the opportunity given him, he has waived any right to complain about a lack of parental interest ... Of course, exceptional cases will arise where the circumstances are such that this rule should not be inflexibly applied. A child may be unable to complete his education in four years because his parent refused to pay his support ... Likewise, a child may have been ill and unable to complete his course work in the usual time frame. Certainly, the law will not compound his suffering by refusing to

consider these extenuating circumstances when determining the parental support obligation. But this is not such an exceptional case.

*DeWalt,* 365 Pa.Super. at 289–90, 529 A.2d at 513–14. Judge Wieand and I both look to the same language in *DeWalt, supra.* However, my examination of the principles set forth in the quoted passage leaves me unsettled. While the *DeWalt* panel declares that the rule of twenty-three "is not an arbitrary number plucked indiscriminately from the judicial hat," I find no objective findings to support it.

I take exception to the bald assertion that, in these times, any young adult who has "shown the requisite interest" will have "his degree in hand" by the age of twenty-three. There is nothing in the *DeWalt* opinion to demonstrate that panel was relying on any evidence in the record to reach that conclusion. I have knowledge of too many fine young women and men who, for a myriad of sound reasons, have been unable to complete their first post-secondary degree within four years. To require that they should be made to demonstrate "exceptional circumstances," is beyond my comprehension. The *DeWalt* panel mentions only two examples of "exceptional cases": (1) where the parent(s) refused to pay support, and (2) where the student's illness prevented completion of the program within four years. *Id.* As this case is being decided, the cost of a college education in these United States, and, yes, in Pennsylvania, is moving inexorably upward such that the number of women and men who can gather the resources to sustain four, uninterrupted years of college education continues to dwindle.

My argument is not that we replace the rule of twenty-three with some other arbitrary number, but that we recognize the lack of any empirical support for the rule, as well as the non-necessity of the rule, and abolish it.

Turning to *Brown, supra,* we search in vain for the language, or the "rule", which *DeWalt* tells us forms the basis for its declaration. In *Brown,* the panel was asked to decide whether a father may be compelled to provide sup-

port and medical insurance coverage to a son enrolled in law school. The *Brown* panel expressly found that the father had fulfilled his responsibility to support his son through college, found the son to be "an emancipated adult child", and concluded that the recognized obligation to support a child through "college" does not include law school. The very clear holding of the *Brown* court was:

> We find, therefore, that no duty of support is owed appellee by his father as no showing of dependency has been made, nor does law school qualify as college such as to continue appellant's obligation to support his son.

The Order of the Lower Court is reversed.

*Brown*, 327 Pa.Super. at 56, 474 A.2d at 1170.

Either finding—that of emancipation or that "college" does not include law school—was sufficient, alone, to decide the *Brown* case. 23 Pa.C.S. § 4323(a); *Maurer v. Maurer*, 382 Pa.Super. 468, 555 A.2d 1294 (1989), *appeal denied* 522 Pa. 596, 562 A.2d 320 (table, No. 035 M.D.1989). The only reference to age included in the *Brown* analysis occurs within the context of whether the law student-son was emancipated. The court stated:

> In the first instance the disadvantages under which appellee labors are those of an adult and are being borne by an adult; the fact of appellant's substantial financial resources is irrelevant. And while *Hirsch*, [*Commonwealth ex rel Schulberg v. Hirsch*, 236 Pa.Super. 179, 344 A.2d 530 (1975)], might buttress the notion of appellee's putative dependency were his age or educational attainments less, here the equation of student status and physical or mental incapacity is inapposite. Even the scarce authority for the theory that a full-time student is a dependent adult [see, e.g., In Re: Locke, 3 Fam.L.Rep. 2097 (1976)] has not been extended to a child beyond age 22.

*Brown*, 327 Pa.Super. at 54–55, 474 A.2d at 1170 (second bracketed material in original, footnote omitted). The law student-son in *Brown* was only twenty-two when the order directing monthly support was entered and this was known

to the *Brown* panel. *Id.,* 327 Pa.Superior Ct. at 53, 474 A.2d at 1169. Therefore, even if that court had stated, as the *DeWalt* court suggests, that a parent's obligation to pay college expenses may not be extended past the child's twenty-third birthday, it could have been nothing more than dictum, given the facts of the *Brown* case, i.e., a twenty-two year old law student.

In *Griffin v. Griffin,* 384 Pa.Super. 188, 558 A.2d 75 (1989) *appeal denied* 524 Pa. 621, 571 A.2d 383, an *en banc* panel of our court, relying on *DeWalt,* and *Brown, supra,* remanded the case to the trial court for further hearing concerning the entitlement of a twenty-three year old daughter to support. The remand was thought necessary since this court's opinion in *DeWalt*—which opinion the *Griffin* court understood made explicit the need for a showing of exceptional circumstances where college expenses are sought past a child's twenty-third birthday—was not filed prior to the submission of stipulated facts and argument to the *Griffin* trial court. The *Griffin* majority, in a footnote, recognized that the *Brown* case did *not* involve the establishment of any age limit upon a parent's obligation to pay for a child's college education. *Griffin,* 384 Pa.Super. at 197–98 n. 5, 558 A.2d at 80 n. 5.

In a dissenting opinion in *Griffin,* Judge Wieand argued that the remand was inappropriate because the twenty-three year old child had elected to discontinue her college enrollment and enter the work force, thereby becoming emancipated. Judge Wieand contended that her subsequent return to a different school to follow a different course of study could not revive parental liability for support following emancipation. Judge Wieand's *focus* on whether the child in *Griffin* had been emancipated was entirely correct.

In *Emrick v. Emrick,* 445 Pa. 428, 430–31, 284 A.2d 682, 683 (1971) our Supreme Court approved the principle consistently enunciated in this court that a father [parent] has no duty to aid in providing a college education for his child, no matter how deserving, willing or able a child may be, unless the father has sufficient estate, earning capacity or

income to enable him to do so without undue hardship to himself. More recently, our Supreme Court has adopted the rule that a limited duty to provide college education arises only if (a) the child shows a willingness and aptitude to undertake the studies and (b) the parent can provide the necessary funds without hardship to himself or herself. *Sutliff v. Sutliff,* 515 Pa. 393, 407, 528 A.2d 1318, 1325 (1987) *affirming and remanding* 339 Pa.Super. 523, 489 A.2d 764 (1985).

With these legal principles in place and well accepted, I struggle to find a rationale for imposing an additional rule requiring the showing of "exceptional circumstances" when the adult is beyond age twenty-two. If the rules regarding emancipation and college expenses are correctly applied, the burden remains with the adult and the same proof is required, whether it is labeled "exceptional" or not. With the burden of establishing non-emancipation already on the adult student by virtue of the student's majority status, the right to receive support while in college cannot reasonably depend upon an additional date on the calendar. I am unaware of any other jurisdiction that has even considered the necessity for such a rule. Based upon my review of the only Pennsylvania cases dealing with the subject, I must reluctantly conclude that the artificial rule of age twenty-three is, indeed, nothing more than "an arbitrary number plucked indiscriminately from the judicial hat." *DeWalt,* 365 Pa.Super. at 289–90, 529 A.2d at 513. To the extent that the rule continues to influence the disposition of support cases involving expenses for college education, it should be revisited and abolished.

Returning to the case before us, I believe Lisa established to the trial court's satisfaction that she was both able and willing to pursue successfully a college education. The father, appellant before us, does not argue that providing the necessary funds would result in any hardship upon him. Lisa is working thirty hours a week during school in an effort to defray her expenses. The delay in graduation, which results in a delay in entering the full-time employ-

ment market, is attributed to factors which are supported in the record and have been accepted by the trial court. I find no need to identify "exceptional circumstances", simply because Lisa has passed her twenty-third birthday.

I would affirm the order directing that the father provide funds for all of his daughter's expenses for tuition and books, without requiring any particularized, special circumstances related to the age of the unemancipated daughter.