## CIRCUIT COURT OF ROANOKE COUNTY

Susan S. Bowles (Amos)

v.

James Reginald Bowles

October 22, 2002

Case No. CH86-572-03

BY JUDGE ROBERT P. DOHERTY, JR.

Mother and Father entered into a property settlement agreement when they separated in 1986, requiring Father to pay child support "until the children reach the age of majority, except the payments shall continue during their enrollment if either or both of the girls attend college." The youngest child has now completed four years as a full time student in a program designed to grant a Doctor of Pharmacy degree at the completion of six full years of study, with no interim degrees being granted. Father ceased paying child support at the end of the child's fourth year of school, arguing that the term "college" in the property settlement agreement meant a four year course of study in a bachelor's degree program. Mother argues that child support should continue as long as the child remains in an institution of higher learning pursuing a degree of any sort. The Court finds in favor of the Father.

When construing contracts, the Court looks to "the intent of the parties as evidenced by the entire contract viewed in light of the circumstances under which the contract was made." *Taylor v. Sanders*, 233 Va. 73, 75 (1987). Upon the *ore tenus* evidence presented and upon a review of the pertinent documents, the Court finds that the parties did not contemplate this controversy when they entered into their contract for the benefit of their then six year old daughter. They simply wrote the word "college" in their contract as a colloquial term intending its common usage. "[S]ince courts are bound to say that the parties intended what the written instrument plainly declares," this

matter can be resolved by defining the term "college." *Seoane v. Drug Emporium, Inc.*, 249 Va. 469, 475 (1995).

The definition of the term "college," as used by the parties in this case, is a matter of first impression in Virginia. The word college is defined by *Webster's Third International Dictionary, Unabridged* (1993), as "an independent institution of higher learning offering a course of general studies and usu. (sic.) preprofessional training leading to a bachelor's degree." The rulings of other state courts can be helpful when the Virginia case law is silent on a subject. In the case of *In re Kelly's Estate*, 285 N.Y. 139, 141-42 (1941), a case where the facts are almost identical to this one, the court found that the term "college" is "ordinarily used in this country to denote an undergraduate school for instruction in liberal arts, having a course of study commonly requiring four years for completion and leading to a bachelor's degree." For similar holdings from other state courts, see *Epstein v. Epstein*, 25 N.J. Super. 210 (1953); *Brown v. Brown*, 327 Pa. Super. 51 (1984); and *Barnard v. Barnard*, 214 Conn. 99 (1990).

Accordingly, the Court finds that the parties intended the term "college," as used in their property settlement agreement, to mean an undergraduate school having a course of study commonly requiring four years for completion and leading to a bachelor's degree. The fact that the parties' daughter chose not to enroll in a bachelor's degree program, but instead bypassed that degree in her pursuit of a Doctor of Pharmacy degree, in no way extends the Father's obligation to pay child support beyond the normal time period necessary to obtain a bachelor's degree. Father's child support obligation ceased as of the end of May 2002.