J-S43003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BHARGAVE CHOWDARY PALETI | : | |
| | : | |
| Appellant | : | No. 1784 MDA 2018 |

Appeal from the Judgment of Sentence Entered September 4, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s):  CP-35-CR-0001383-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:            **FILED OCTOBER 23, 2019**

Appellant, Bhargave Chowdary Paleti, appeals from the judgment of sentence entered in the Lackawanna County Court of Common Pleas, following his negotiated guilty plea to two counts of disorderly conduct.[1]  We affirm.

In its opinion, the trial court sets forth most of the relevant facts and procedural history of this case.  Therefore, we have no need to restate them. Procedurally, we add the court ordered Appellant on October 31, 2018, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant complied on November 26, 2018.[2]

_____

[1] 18 Pa.C.S.A. §§ 5503(a)(1) and (a)(4).

[2] Appellant filed his Rule 1925(b) statement out of time.  Nevertheless, this Court may address the merits of a criminal appeal, where a defendant files an

_____

\*   Former Justice specially assigned to the Superior Court.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION BY IMPOSING A MANIFESTLY EXCESSIVE SENTENCE IN THE AGGRAVATED RANGE OF THE PENNSYLVANIA SENTENCING GUIDELINES, BY FAILING TO CONSIDER MITIGATING FACTORS PRESENT IN THE RECORD AND, THEREFORE, FAILED TO CONSIDER THE RELEVANT SENTENCING CRITERIA OF THE PENNSYLVANIA SENTENCING CODE, INCLUDING THE PERSONAL CHARACTERISTICS OF…APPELLANT, HIS REHABILITATIVE NEEDS AND THE NEED FOR PROTECTION OF THE PUBLIC?

(Appellant's Brief at 5).

Appellant argues the sentencing court failed to consider several mitigating factors, including: his lack of a prior criminal record; his age; his compliance with conditions of house arrest during this case; his education; his employment as a physician; and his acceptance of responsibility for the conduct underlying the convictions. Appellant concludes the court unreasonably and/or incorrectly applied the Sentencing Guidelines when it imposed an aggravated range sentence. As presented, Appellant challenges the discretionary aspects of his sentence. *See Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating allegation court ignored mitigating factors

_____

untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. Here, the trial court issued an opinion addressing Appellant's complaints. Therefore, we decline to consider Appellant's issues waived. *See Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa.Super. 2008) (*en banc*) (allowing for immediate review under these circumstances).

challenges discretionary aspects of sentencing).[3]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). **See also** Pa.R.A.P. 302(a) (explaining general rule that issues not raised before trial court are waived and cannot be raised for first time on appeal).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830

---

[3] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." **Commonwealth v. Tirado**, 870 A.2d 362, 365 n.5 (Pa.Super. 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." **Id.** at 363 n.1. Here, Appellant's plea was "open" as to his sentence, so he can challenge the discretionary aspects of his sentence.

A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 913 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A substantial question exists where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances. **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*).

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Hyland**, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and

on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Michael J. Barrasse, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed January 30, 2019, at 11-15) (finding: in his post-sentence motion, Appellant merely listed mitigating factors and requested credit for house arrest time and reduction in sentence; Appellant did not challenge unreasonableness or excessiveness of sentence or propriety of aggravated range sentence; thus, Appellant failed to preserve discretionary aspects claim; moreover, even if Appellant had preserved claim, he is not entitled to relief; court considered Sentencing Guidelines and all Section 9721(b) sentencing factors; court acquired thorough familiarity with Appellant, severity of underlying facts, Appellant's character, escalating

nature of his actions, and dynamic of Appellant's and Victim's marriage; court considered Victim's impact statement and Appellant's voluntary withdrawal from Lackawanna County Domestic Violence Court Program; record is silent on whether Appellant sought or completed any further rehabilitation/mental health counseling; Appellant demonstrated he did not appreciate seriousness of his conduct; if placed immediately on probation Appellant would present greater risk of further offenses against Victim). The record supports the trial court's rationale. **See Hyland, supra**. Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judge Dubow joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019

COMMONWEALTH OF
PENNSYLVANIA

v.

BHARGAVE CHOWDARY PALETI

:
:
:
:
:
:
:

IN THE COURT OF COMMON
PLEAS OF LACKAWANNA
COUNTY

17 CR 1383



---

## OPINION

**BARRASSE, P.J.**

This opinion is filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate

Procedure and pursuant to the request of the Superior Court. Appellant Bhargave Chowdary

Paleti (herein after "Appellant") appeals this Court's September 4, 2018, Judgement of Sentence.

The Appellant's issues on appeal are as follows, *verbatim*:

1. Did the trial court abuse its discretion and err in sentencing the Defendant to a manifestly excessive sentence of 1-2 months incarceration followed by 22 months probation, falling within the aggravated range of the guidelines, by failing to analyze or consider the rehabilitative needs of the Defendant and actual need for the protection of the public pursuant to 42 Pa C.S.A. § 9721(b) of the Pennsylvania Sentencing Code and by disregarding or failing to consider the Defendant's acceptance of responsibility, expression of remorse and lack of prior record score?

2. Did the trial court err and abuse its discretion in sentencing the Defendant to 1-2 months incarceration, falling in the aggravated range of the Pennsylvania Sentencing Guidelines, and imposing a probationary term of 10 months and 12 months by failing to consider mitigating circumstances inconsistent with 42 Pa C.S.A. § 9721(b) and/or 204 Pa Code § 303.13(c)?

3. Did the trial court err and abuse its discretion in sentencing the Defendant to a manifestly excessive term of probation of 10 months and 12 months, individually, and 22 months in the aggregate, each of which, whether alone or in the aggregate, are unduly harsh and excessive in light of the objectives of the Sentencing Code, including 42 Pa C.S.A. § 9721, when the rehabilitative needs of the Defendant, the actual need for protection of the public and Defendant's acceptance of responsibility, expression of remorse, and lack of prior record score are considered?

4. Did the trial court err and/or abuse its discretion when it imposed consecutive sentences, and, then, refused to amend the sentence of the Defendant to a concurrent term where the facts to which the Defendant pled guilty arose from a single instance of conduct and a single victim?

1

5. Did the trial court err and/or abuse its discretion when it imposed consecutive sentences and, then, refused to amend the sentence of the Defendant to a concurrent term when the rehabilitative needs of the Defendant, the actual need for protection of the public and Defendant's acceptance of responsibility, expression of remorse, and lack of prior record score are considered?

6. Did the trial court err and abuse its discretion in sentencing the Defendant by failing to place sufficient reasons upon the record to justify or support sentencing the Defendant in the aggravated range inconsistent with 42 Pa C.S.A. § 9721(b) and/or 204 Pa Code § 303.13(c)?

7. Did the trial court err and abuse its discretion in sentencing the Defendant to an excessive term or probation of 10 months and 12 months, individually, and 22 months in the aggregate, each of which, whether alone or in the aggregate, are unduly harsh and excessive, by failing to place sufficient reasons upon the record to justify or support these sentences which is inconsistent with 42 Pa C.S.A. § 9721(b) and/or 204 Pa Code § 303.13(c)?

For the following reasons, including a review of the record, the facts and history of the case, and the negotiated plea agreement, this Court's September 4, 2018, Judgment of Sentence should be affirmed.

**FACTUAL AND PROCEDURAL HISTORY**

Under docket number 17 CR 1383, the Appellant was originally charged with two, (2) separate counts of Aggravated Assault in violation of 18 Pa. C.S. § 2702 (a)(1) and (a)(4), one (1) count of Simple Assault in violation of 18 Pa. C.S. § 2701(a)(1), one (1) count of Recklessly Endangering Another Person in violation of 18 Pa. C.S. § 2705, and one (1) count of Possessing Instruments of a Crime in violation of 18 Pa. C.S. § 907(a). Pursuant to extensive negotiations, the Commonwealth reduced the Appellant's charges to two (2) counts of Disorderly Conduct in violation of 18 Pa. C.S. § 5503(a)(1) and (a)(4). These charges stemmed from a March 28, 2017, incident wherein the Dunmore Police Department responded to a domestic dispute call. **Lydon & Hallinan, Affidavit of Probable Cause, March 28, 2017, at p. 1.** Upon arrival, the victim told the police that her husband, later identified as the Appellant, had pushed her and burned her with an iron following an argument. **Id.** The victim explained that in 2016 she married the Appellant

2

in India as part of an arranged marriage. **Id. at p. 2.** Later, the victim joined the Appellant when he began working as a physician in the United States. **Id.** The victim also stated that the Appellant threatened if she did not return to her native country of India, he would continue to beat and torture her. **Id.** Thereafter, the victim was transported to Moses Taylor Hospital and was treated for second degree burn marks with blistering and charring. **Id.** The victim told police officers that the March 28, 2017 incident was not the first occasion in which the Appellant physically assaulted her. **Id. at p 3.** In fact, a week prior to the Appellant's arrest, the Appellant repeatedly kicked the victim in her abdomen causing extreme pain and blood in her urine. **Id.**

Relative to past instances of domestic violence, the victim reported her fearfulness in contacting the police or treating at the hospital since Geisinger Medical Center employed the Appellant. **Id.** Concurrently, the Appellant admitted to committing past episodes of domestic violence against his wife, the victim, in which he pushed her to the ground and slapped her. Initially, the Appellant denied burning the victim with an iron. He claimed ignorance as to how the victim received her injuries. **Id. at p. 5.**

Notwithstanding, on September 4, 2018, the Appellant entered a negotiated guilty plea under 17 CR 1383 to two (2) counts of Disorderly Conduct in violation of 18 Pa. C.S. § 5503(a)(1) and (a)(4). Prior to entering the guilty plea, the Appellant executed a lengthy written plea colloquy form in which he indicated that he was aware of the maximum penalty of two (2) years and a total fine of $5,000 on the two counts of Disorderly Conduct, including the potential imposition of consecutive sentences on each count. Also, the Appellant indicated awareness of the elements of the crimes charged, his satisfaction with counsel, and the terms of the plea agreement. **See Written Plea Colloquy, para. 5, 8, 13, 15, 16.** The Appellant's plea terms further acknowledged that the remaining charges would be nolle prossed. **Id. at para. 13.**

3

Simultaneously, this Court conducted an on the record oral inquiry to determine whether the Appellant entered a knowing, voluntary, and intelligent plea. **See N.T. Guilty Plea, September 4, 2018, at p. 2-4.** The Appellant advised this Court that his highest level of education included the completion of medical school. **Id. at 1.** The Appellant also advised this Court that he was aware of the constitutional rights he forfeited as well as the maximum penalties he faced. **Id. at 2-3.** The Appellant further acknowledged satisfaction with counsel, and indicated that he entered the plea absent any threats or promises in exchange for the plea. **Id. at 2-4.** The Appellant explicitly acknowledged discussion of his immigration status with counsel, including the collateral consequences that may result through entry of the plea. **Id. at 3.** Specifically, Paragraph 19 of the written guilty plea colloquy questions whether the Appellant is a United States citizen, and whether he is aware that non-citizens face potential deportation. **Id. at para. 19, 19(a).** In response, the Appellant admitted non-citizen status and awareness of deportation consequences. He stated: "I have fully discussed the immigration implications with my attorney and I understand them." **Id.** As such, the record demonstrates Appellant's knowledge of potential deportation.

Regarding the victim's abuse allegations, the Appellant admitted that he did hold an iron during an argument that resulted in second degree burns on her arm. **Id. at 3.** He also admitted to screaming and yelling loudly at the victim during the argument. **Id.** After the Appellant provided all affirmative responses, this Court accepted the guilty plea. **Id. at 4.** At this time, the Appellant desired immediate sentence. **Id.** In preparation for immediate sentence, the Commonwealth provided this Court with a victim impact statement[1] and an itemization of restitution owed. **Id. 4-**

---

[1] Prior to sentence, this Court reviewed the victim impact statement documenting a history of daily verbal abuse, which escalated to daily physical violence. The victim described: "Unprovoked, he would hit me on my face and body. My multiple pleas to him to take counseling for his anger management issues were met with deaf ears." Similarly, the victim detailed "aggressive behavior," recounting several incidents in December and February wherein

4

**5.** Counsel for the Appellant described Appellant's remorse and indicated the resultant consequences the Appellant underwent. **Id. at 5.** He recounted the damage to Appellant's career and employment position, especially the Appellant's surrender of his work visa. Counsel stated: "If he does not leave on his own before October 9th he will be arrested by ICE and incarcerated and they will deport him on his own where he will have no chance to come back to this country." **Id. at 5-6**. Next, the Appellant addressed this Court with no regard or remorse towards the victim and his actions. He simply stated: "I am truly sorry for the inconvenience I caused the court." **Id. at 6**.

Therefore, this Court sentenced the Appellant to one (1) to two (2) months incarceration with ten (10) months county probation on Count I, and one (1) year of county probation on Count II consecutive to Count I, aggregating to one (1) to two (2) months incarceration with twenty-two (22) months of county probation.

On the day of sentence, the Appellant filed a Petition for Reconsideration of Sentence, which this Court denied on October 3, 2018. Also on October 3, 2018, this Court granted parole eligibility as the Appellant served his minimum. Thereafter, the Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court.

---

the Appellant committed violent assaults kicking the victim, hitting the victim, and choking the victim. She described: "uncontrollable rage." Specifically, on March 28, 2017, the victim recalled: "he burnt me on my forearm with an electric iron. I could not withstand anymore abuse and fearing for my life and safety, I called the cops. He was a few days away from killing me when I got out of this dangerous and abusive marriage." Ultimately, as a result of the underlying incident, the victim informed this Court that she suffers from depression, suicidal thoughts, and financial strain. She implored this Court to impose a deserving punishment for his actions. She stated: "He never treated me as a human being, let alone as a wife. I wish no one else has to undergo this torture that I experienced." (See Victim Impact Statement- Attachment 1).

5

## DISCUSSION

### A. THIS COURT PROPERLY SENTENCED THE APPELLANT

For the following reasons, considering the Sentencing Guidelines and the facts and circumstances of the underlying case, this Court imposed an appropriate sentence which is supported by the record. [2] Accordingly, this Court notes that no automatic right of appeal exists for a challenge to the discretionary aspects of sentencing. Rather, this type of appeal is more appropriately considered a petition for allowance of appeal. **Commonwealth v. Rossetti, 863 A.2d 1185, 1193-1194 (Pa. Super. 2004) (citing Commonwealth v. Ritchey, 779 A.2d 1183, 1185 (Pa. Super. 2001) (citations omitted)).** In fact, before reaching the merits of a discretionary sentencing issue, a court must ascertain whether an appellant (i) filed a timely notice of appeal, (ii) properly preserved the issue to be heard on appeal, (iii) filed a brief free of fatal defects, and (iv) raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Commonwealth v. Mastromarino, 2 A.3d 581, 588 (Pa. Super. 2010), cert. denied, 609 Pa. 685.**

A court evaluates whether a particular issue raises a substantial question on a case-by-case basis. **Commonwealth v. Rossetti, 863 A.2d 1185, 1194 (Pa. Super. 2004).** "[The court] will grant an appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms which underlie the

---

[2] Appellants' issues one through seven have been consolidated into Section A as each individual issue questions this Court's September 4, 2018 Judgment of Sentence.

6

**(en banc).** To that end, the Pennsylvania Supreme Court has previously held that a claim regarding a sentence being excessive which is within the statutory limits can raise a substantial question, if the appellant "sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Mouzon, 812 A.2d 617, 627-28 (Pa. 2002).** However, bald allegations of excessiveness are unacceptable. **Commonwealth v. Reynolds, 835 A.2d 720, 733 (Pa. Super. 2003); Commonwealth v. Trippett, 932 A.2d 188, 202-203 (Pa. Super. 2007)**(bald allegation of excessiveness does not raise a substantial question). In addition, an allegation that the sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence imposed was inappropriate. **Commonwealth v. Cruz-Centeno, 668 A.2d 536 (Pa. Super. 1995).**

This Court believes that no substantial question exists with respect to the Appellant's sentence, as the sentence imposed is within the statutory limits and otherwise conformed to sentencing norms dictated by the Sentencing Code. Additionally, the Appellant's claim of excessiveness is not justifiable as a substantial question because this Court properly considered appropriate factors in fashioning the Appellant's sentence, and the Appellant's sentence does not exceed the statutory maximum. Even assuming the Appellant's sentence is appealable, this Court believes the sentence is appropriate and should be affirmed.

Relative to the discretionary aspects of sentencing,[3] it is well-established Pennsylvania law that the sentencing function is a matter vested within the sound

---

[3] In subsections (f) and (g), the Appellant claims that this Court failed to justify an aggravated range sentenced with reasons on the record.

discretion of the sentencing court and will not be disturbed on appeal absent a manifest abuse of discretion. **See Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007).** "[A]n abuse of discretion is more than a mere error of judgment. … [A] sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." **Id.** (quotations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Id.,** quoting **Grady v. Frito–Lay, Inc., 839 A.2d 1038, 1046 (2003).**

The rationale offered by the Pennsylvania Supreme Court for this deferential standard is as follows:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

**Walls, 926 A.2d at 961-62 (citations omitted).**

The sentencing court is not bound by any one legal factor or any recommended range in the Sentencing guidelines. **Commonwealth v. Stewart, 867 A.2d 589, 593 (Pa.Super.2005)** ("[a] trial court judge has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range.") *See also* **Commonwealth v. Yuhasz, 923 A.2d 1111, 1118 (Pa. 2007)**

8

("It is well established that the Sentencing Guidelines are purely advisory in nature.");

**Commonwealth v. Walls**, 926 A.2d 957, 964-65 (the Sentencing Guidelines "have no binding effect ... and do not predominate over other sentencing factors-they are advisory guideposts ... they recommend ... rather than require a particular sentence"). In fact, a sentencing court, in its discretion, may deviate from the sentencing guidelines in order to take into account the enumerated factors in **42 Pa. C.S. § 9721(b)**; **Commonwealth v. Cunningham**, 805 A.2d 566, 575 (Pa. Super. 2002).

Furthermore, a sentence of confinement must be "consistent with the protection of the public, the gravity of the offense as it related to the impact on the life of the victims and on the community, and the rehabilitative needs of the defendant." **42 Pa. C.S. § 9721(b).** A sentencing court may determine a defendant's potential for rehabilitation by considering his demeanor, apparent remorse, manifestation of social conscience, and cooperation with law enforcement agents. **Commonwealth v. Begley**, 780 A.2d 605, 644 **(Pa. 2001); Commonwealth v. Constantine**, 478 A.2d 39 (Pa. Super. 1984); **Commonwealth v. Gallagher**, 442 A.2d 820 (Pa. Super. 1982).

In addition to the factors a sentencing judge must consider prior to sentencing, the sentencing court can always consider the historic purposes of punishment in fashioning a sentence that is appropriate based on the facts and circumstances of the case and the specific defendant. Pennsylvania courts have held that the factors to consider in punishment are incapacitation, deterrence, and rehabilitation. **204 Pa. Code § 303.11(a).**

As such, facts regarding the nature and circumstances of the offense that are not necessarily elements of the convicted offense, are proper facts to consider in deciding to sentence in the mitigated range or the aggravated range. **Commonwealth v. Chilquist,**

9

548 A.2d 272 (Pa. Super. 1988). See also, <u>Commonwealth v. Darden</u>, 531 A.2d 1144, 1149 (Pa. Super. 1987). Additionally, trial courts are permitted to use prior conviction history and other facts already included in the guidelines, if they supplement other extraneous sentencing information. <u>Commonwealth v. Simpson</u>, 829 A.2d 334, 339 (Pa. Super. 2003).

Finally, the decision to impose concurrent or consecutive sentences rests within the discretion of the sentencing court. <u>Commonwealth v. Johnson</u>, 961 A.2d 877, 880 (Pa. Super. 2008) (citing <u>Commonwealth v. Lloyd</u>, 878 A.2d 867, 873 (Pa. Super. 2005)). See also, <u>Commonwealth v. Hoag</u>, 665 A.2d 1212 (Pa. Super. 1995)(stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). The Pennsylvania Superior Court states: "in imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." <u>Commonwealth v. Wright</u>, 832 A.2d 1104, 1107 (Pa. Super. 2003). Pennsylvania appellate courts further articulate: "generally speaking, the court's exercise of discretion in imposing consecutive, as opposed to concurrent sentences, is not viewed as raising a substantial question that would allow the granting of allowance of appeal." <u>Commonwealth v. Mastromarino</u>, 2 A.3d 581, 586 (Pa. Super. 2010). See also <u>Commonwealth v. Moury</u>, 992 A.2d 162, 171-72 (Pa. 2010); <u>Commonwealth v. Pass</u>, 914 A.2d 442, 446-47 (Pa. Super. 2006). Although a sentencing court's decision to impose consecutive, rather than concurrent sentences does not generally raise a substantial question on appeal, it may in extreme circumstances, when the aggregate sentence is unduly harsh compared to the nature of the

10

crime committed. **Commonwealth. v. Moury**, 992 A.2d 162, 171 (Pa. 2010) (citing **Commonwealth v. Pass**, 914 A.2d 442, 446-47 (Pa. Super. 2006)).

Moreover, the Court is under no obligation to impose the "minimum possible" confinement. **Walls**, *supra*, **at 965.** For example, in **Commonwealth v. Treadway**, **104 A.3d 597, 600 (Pa. Super. 2014),** the Superior Court determined that the appellant failed to raise a substantial question when challenging trial court's imposition of an aggregate sentence of 100 to 200 years imprisonment for various sexual offenses. In imposing sentence, the sentencing court in **Treadway** considered the gravity of the offenses, victim impact, the defendant's failure to rehabilitate, and the need to protect the public from the defendant. **Compare Commonwealth v. Dodge**, **77 A.3d 1263, 1273 (Pa. Super. 2013)** (holding appellant raised a substantial question that aggregate sentence of approximately 40 to 80 years of imprisonment was excessive where only low-value property crimes were involved).

In the present case, prior to imposing sentence, this Court did meaningfully consider the sentencing guidelines, as well as all section 9721(b) factors, including mitigating and aggravating circumstances. This Court sentenced the Appellant within the statutory maximum for the offenses charged. Importantly, this Court obtained intimate knowledge and familiarity with the Appellant throughout the pre-trial and adjudication phase of the underlying case. This Court presided over several pre-trial hearings, including a bail revocation, and Protection from Abuse violation hearing, in which this Court became aware of the severity of the underlying facts, the Appellant's character, escalating nature of his actions, most notably his desire to shift blame and failure to show remorse towards the victim as well as the dynamic of the Appellant's arranged marriage

11

and divorce negotiations in India. Also, this Court considered the Appellant's opportunity at rehabilitation, and voluntary withdrawal from the Lackawanna County Domestic Violence Court Program.[4] (See June 27, 2017 Court Order- Attachment 2). The record is silent as to any further rehabilitation/mental health counseling[5] the Appellant sought or completed, nor did the Appellant cite or refute the record with proof of the same. Juxtaposed by the victim impact statement recounting repeated periods of neglect, emotional and psychological trauma, verbal abuse, uncontrollable rage, and extreme physical violence. [6]

Accordingly, this Court sentenced the Appellant to one (1) to two (2) months incarceration with ten (10) months county probation on Count I, and one (1) year of county probation on Count II consecutive[7] to Count I, aggregating to one (1) to two (2) months county

---

[4] The Lackawanna County Domestic Violence Court Program is a specialty diversionary court program that may be ordered as a bail and/or sentencing condition. Participation in the program may also be a condition of an agreement between the Commonwealth and the participant. The program requires participants to attend counseling and seek treatment for anger management, mental health, and substance abuse issues. In order to ensure compliance, participants attend court regularly and progress is monitored through the Lackawanna County Adult Probation Department. Inability to comply with the requirements of the program may subject a participant to removal and/or bail revocation and incarceration. Notwithstanding, completion of the program may result in the reduction of offenses charged, withdrawal of charges, and/ or leniency in sentence.

[5] All factors that could have weighed in the Appellant's favor, had the Appellant availed himself of treatment opportunities.

[6] Upon entry of the Appellant's guilty plea, the Appellant sought immediate sentence and waived the opportunity to conduct a pre-sentence investigation. Further, the Appellant's claims do not object to the lack of a pre-sentence investigation report (hereinafter "PSI."). See **Commonwealth v. Flowers, 950 A.2d 330, 333 (Pa. Super. 2008)**(holding that Pa. R. Crim. P. 720 does not require a court to specifically document the reasons for dispensing with a report, instead a court may sentence without the benefit of a PSI report if it possesses the necessary information from another source). Similar to **Flowers**, this Court elicited sufficient information throughout the pretrial phase to substitute for a PSI report, thereby allowing a fully informed sentencing decision. **Compare Commonwealth v. Tejada, 161 A.3d 313, 320 (Pa. Super. 2017)**(finding that following the appellant's objection to the lack of a PSI report, the sentencing court erred in imposing sentence as the record failed to reveal the extent of the court's knowledge). Here, at the time of sentencing, the Appellant did not object to the lack of a PSI report. This Court allowed further discussion and input from the parties, and also extensively knew the Appellant through prior contact as the record is replete with multiple pre-trial filings and hearings held.

[7] To the extent that this Court is granted discretion in imposing consecutive sentences, this Court considered the particular facts of the Appellant's case in which the Appellant exposed the victim to substantial risk of bodily harm in multiple situations. The Appellant demonstrated a tolerant attitude and lack of remorse to the victim, he shifted blame to the victim showing only concern for his career and his non-citizen status. Given the Appellant's characteristics, and the threat the Appellant poses to the victim and community as well as the necessity for

12

incarceration with twenty-two (22) months of county probation. The maximum term for a violation of Disorderly Conduct, 18 Pa. C.S. §§ 5503(a)(1); (a)(4) graded as a misdemeanor three pursuant to 18 Pa. C.S. § 5503(b) is one (1) year. **18 Pa. C.S. § 1104(3).** Clearly, the Appellant's sentence was within the statutory parameters. See **Commonwealth v. Bromley, 862 A.2d 598, 605 (Pa. Super. 2004)**(holding that the defendant did not raise substantial questions by merely asserting sentence was excessive when he failed to reference any section of Sentencing Code potentially violated by sentence). The Appellant had an offense gravity score of one (1) and a prior record score of zero (0). Under the sentencing guidelines for such scores, the standard range of minimum sentence is restorative sanctions. The aggravated range of minimum sentence for the above scores is restorative sanctions to three (3) months. This Court sentenced the Appellant to one (1) to two (2) months incarceration on Count I, Disorderly Conduct, 18 Pa. C.S. § 5502(a)(1). This Court found that the Appellant's actions did not fit within the more "routine" versions or conduct normally associated with the definition of the offense, which justified an aggravated range sentence.[8] There is no evidence that this Court was incognizant of the guidelines, rather the

---

supervision, this Court chose to sentence consecutively. See **Commonwealth v. Boyer, 856 A.2d 149, 154 (Pa. Super. 2004)**(concluding that court did not abuse its discretion in imposing a series of consecutive, standard range sentences given the particular circumstance of the crime).

[8] The Appellant did not raise a discretionary sentencing issue in his post-sentence motion. Instead, the Appellant cited mitigating factors and requested the following: (1) credit for time accrued on the house arrest program; (2) reduction in sentence. See **Pa. R. A. P. 302(a)**(stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal); **Commonwealth v. Kittrell, 19 A.3d 532, 538 (Pa. Super. 2011)**(holding that "issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."). A challenge to the trial court's failure to give credit for time served prior to sentencing involves the legality of sentencing, rather than a discretionary aspect. See also **Commonwealth v. Little, 612 A.2d 1053 n. 1 (Pa. Super. 1992); Commonwealth v. Hollawell, 604 A.2d 732, 725 (Pa. Super. 1992).** While Appellant filed a Petition for Reconsideration of Sentence, the Appellant did not specifically challenge the harshness/unreasonableness or excessiveness of sentence, nor did the Appellant challenge the propriety of an aggravated range sentence. Additionally, the Appellant did not challenge the consecutive nature of the sentence imposed. (See Petition for Reconsideration of Sentence- Attachment 3). To the extent that Appellant now presents several issues in his 1925(b) attempting to raise a challenge to the discretionary aspect of sentencing, such claims are waived due to Appellant's failure to present it in his post-sentence motion.

13

sentence imposed strongly suggests that this Court was acutely aware of the applicable sentencing range and fashioned an individualized sentence considering all mitigating and aggravating factors. Moreover, this Court submits that sufficient reasons exist in the record to support this Court's sentence in the aggravated range.

Based upon the egregiousness of the criminal conduct at issue in the present case, the sentence imposed was reasonable and consistent with the protection of the public, gravity of the offense, as well as the Appellant's rehabilitative needs. Although the Appellant demonstrated a zero (0) prior record score, the necessity for deterrence and the danger posed to society as well as the victim outweighed the Appellant's non-existent criminal history and education. This Court personally observed that the Appellant did not appreciate the seriousness of his offenses nor the seriousness of his uncontrolled anger. The Appellant's offenses involved multiple acts of verbal, emotional, and physical abuse that escalated over time. Therefore, despite knowing the adverse potential consequences of his actions for himself, his career and his non-citizen status, the Appellant repeatedly engaged in daily physical assaults. The physical assaults did not conclude until the Appellant was apprehended, which this Court could reasonably infer that the Appellant

---

See Commonwealth v. Reeves, 778 A.2d 691 (Pa. Super. 2001); Commonwealth v. Williams, 2015 WL 5936442 *4 (Pa. Super. 2015). Therefore, the Appellant has waived this issue for failing to preserve it. An issue that is waived is frivolous. See Commonwealth v. Kalichak, 943 A.2d 285, 291 (Pa. Super. 2008)(holding that when an issue has been waived, "pursuing the matter on direct appeal is frivolous"). Appellant's failure cannot be cured by submitting the challenge in a Rule 1925(b) statement. Nevertheless, this Court is mindful of 42 Pa. C.S. § 9721(b), which requires a statement of reasons on the record. The reasons for this Court imposing an aggravated sentence on Count I should be clear.

14

would have continued had the victim failed to inform police. The Appellant has not demonstrated to this Court, a sincere interest in refraining from physical violence and cannot consent to the Appellant's tolerant attitude/normalization of verbal and physical assault between a husband and wife. This Court cannot ignore that the victim was subjected to traumatic conditions as referenced in her victim impact statement. This Court determined that if placed immediately on probation, the Appellant would be at a greater risk to commit further offenses towards the victim and others. Such likelihood is apparent where the Appellant did not demonstrate a desire to manage his anger or participate in mental health counseling. Therefore, the imposition of a sentence aimed at the incapacitation of the Defendant to deter future conduct necessitated an aggravated range sentence.

## CONCLUSION

Because this Court did not apply the guidelines erroneously, nor utilize an unreasonable application or impose an unreasonable sentence outside the guidelines, this Court requests that the Appellant's sentence be affirmed pursuant to **42 Pa. C.S.A. § 9781(c) and (d); See Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007)**(appellate review of discretionary aspects of sentence confined by statutory mandate of **42 Pa.C.S. § 9781(c) and (d)**). Importantly, because the Appellant did not properly preserve challenges to the discretionary aspects of sentence in his post-sentence motion, the Appellant's claims should be deemed waived. Based upon the foregoing, this Court's September 4, 2018 Judgment of Sentence should be affirmed.

15

BY THE COURT:

_____, P.J.
Michael J. Barrasse

CC: Notice of the entry of the foregoing Opinion has been provided to each party pursuant to Pennsylvania Rule of Criminal Procedure 114 by mailing time-stamped copies to the following individuals:


Lisa Swift, Esq.
Robert M. Buttner, Esq.

16